TOM BALL v. THE STATE.

No. 12289. Delivered February 6, 1929.

The opinion states the case.

*B. B. Perkins* and *James T. Perkins* of Rusk, for appellant. On right to submission of defensive issue, appellant cites: Janak v. State, 246 S. W. 1039; Muely v. State, 26 Tex. Crim. Rep. 274 and Sowell v. State, 32 Tex. Crim. Rep. 482.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession of a still for the purpose of manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of four years.

About ten o'clock in the daytime there was discovered by officers a still in operation and other equipment for the manufacture of intoxicating liquor in a pasture belonging to a man named Satterwhite, which pasture was in possession of a man named Wilson. The still was situated on the bank of a creek or ravine in a dugout, partly enclosed with boards and covered with brush. Upon approaching the still the officers discovered no one present. They heard a voice which they did not recognize as that of the appellant, but upon firing a pistol the appellant came out of the dugout, or, according to some of the testimony, came around the still. His son, a youth about seventeen years of age, was in the pasture near the still. The location of the still and equipment was variously estimated at from three to six miles from the home of the appellant where he resided with his wife and family. After he came out of the still, the dugout was entered by the officers and the still destroyed. According to the officers, the appellant made some criminative declarations calculated to lead to the conclusion that the still belonged to him. According to the wife of the appellant, he left his home together with his son after breakfast, riding in an automobile. Before leaving, he said that he was going to the home of Wilson to see about purchasing a milch cow which was needed for the family.

Wilson testified that before the day upon which the arrest took place he and the appellant had negotiations with reference to the sale of a cow by Wilson to the appellant, and that the appellant came to his house on the morning in question and indicated that his purpose was to discuss the purchase of the cow. After conversing for some time Wilson gave the appellant a description of the cow and

directions for finding her. Leaving their car at the Wilson home, the appellant and his son went into the pasture for the purpose of finding and looking at the cow. Later Wilson learned that the appellant had been arrested. Wilson claimed that he had no knowledge that there was a still in the pasture; that he had resided upon the premises but a short time; that he did not know to whom the still belonged.

The arrest was made in December, 1927. The indictment was filed on the 11th of January, 1928, and the trial took place in August of that year. A motion for a continuance was made because of the absence of Horton Ball, son of the appellant, by whom it was expected to prove that he accompanied the appellant from his home to that of Wilson in the Satterwhite pasture; that he was with the appellant when the still was discovered by him, which was but a few moments before the officers appeared and arrested the appellant; that the appellant was not in possession of the still or equipment and was not connected with its operation. The witness had been subpoenaed upon process issued on the 17th day of January, 1928, and had left the home of the appellant about ten days before the trial began because he became offended and angry with the appellant; that the appellant was unaware of his whereabouts but expected that he would return within a short time. The appellant had no other witnesses by whom he could prove the same facts. The issuance of additional process for the absent witness under the circumstances stated in the application was not necessary.

There was a pleading controverting the motion for new trial and a reply by appellant. The State's pleading is somewhat contradictory, but on the whole we understand that there was no substantial disagreement between the two to the effect that the witness was present at the January term in answer to the subpoena; that for some reason the case was set for the 16th of July and was passed until the 6th of August in order to skip the date of the primary election on July 28th. Attached to the State's contest are the affidavits of some witnesses who claim to have seen the appellant in the Satterwhite pasture at a date antecedent to that upon which the arrest was made. It seems to be the position of the State that when the case was called on the 6th of August a motion for a continuance was made and overruled on that day, and that diligence would require the issuance of process immediately. The motion, as it appears in the record, bears date the 7th of August and the file mark on the 8th of that month, which seems to have been the day the

case was tried. Accepting as true the averments in the motion touching the absence of the witness and his unknown whereabouts, the law would not demand that the appellant issue process without having some information touching the whereabouts of the absent witness.

The testimony of the witnesses for both the State and the appellant put the witness in possession of knowledge of facts touching the cause of the appellant's presence at the still and his connection therewith. The appellant insists that the evidence adduced, particularly that of his wife and that of Wilson, presented circumstances which should have impelled the court to have instructed the jury in substance in accord with the appellant's theory, namely, that if the appellant's presence in the pasture and at the place where the still was located in pursuance of his effort to find a cow which he desired to see with the view of purchasing, and that he accidentally came upon the still and was not in possession of it, he should be acquitted. Several special charges endeavoring to have such issue submitted to the jury, as well as exceptions to the main charge, were presented to the court, and its action in refusing the special charges or to amend the main charge is properly preserved and brought forward for review. The court presented no defensive theory and refused the request to instruct that if the appellant was not in possession of the still and equipment, his mere presence there would not render him guilty. The principle that the court should have embraced the appellant's defensive theory in a proper case is well supported by the precedents.

Both of the matters mentioned above, namely, the refusal to continue and the omissions in the charge, were made the subject of bills of exceptions and motion for new trial, and it is believed that a new trial should have been accorded.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*