## EARL SHARP v. THE STATE.

### No. 2494.   Decided June 4, 1913.

### Rehearing denied November 5, 1913.

**1.—Rape—Change of Venue—Statement of Facts.**

Where the facts upon which the order of the court overruling the motion for change of venue were not presented by bill of exceptions and filed in proper time, the same could not be considered on appeal. Following McMahan v. State, 61 Texas Crim. Rep., 489.

**2.—Same—Evidence—Declarations of Defendant.**

Where, upon trial of rape by force, the previous declarations of defendant clearly showed that he referred to prosecutrix, and threw light on his subsequent acts and conduct, the same were admissible in evidence.

**3.—Same—Evidence—Circumstances.**

Where, upon trial of rape, the prosecutrix testified that she drew her hat pin and undertook to strike defendant with it, when it bent, and he took it away from her and threw it into the automobile, there was no error in admitting testimony that the next day after the alleged offense such a hat pin was found in the automobile.

**4.—Same—Evidence—Describing Condition of Ground.**

Upon trial of rape by force, there was no error in admitting testimony that on Sunday morning after the offense was alleged to have been committed on Friday night as to the condition of the spot of ground where the alleged offense had taken place, and which corroborated the testimony of the prosecutrix, and the same was not too remote.

**5.—Same—Evidence—Condition of Prosecutrix—Res Gestae.**

Upon trial of rape by force, there was no error in admitting the condition of prosecutrix when she arrived home, after the alleged offense, and that she was nervous and not able to stand up; this was part of the res gestae when taken in connection with other testimony.

**6.—Same—Evidence—Circumstances.**

Upon trial of rape by force, where prosecutrix had testified as to her struggle in resisting the assault, there was no error in admitting testimony as to the different articles of apparel which she had lost in the struggle.

**7.—Same—Charge of Court—Practice on Appeal.**

Where, upon trial of rape by force, the court properly charged the jury and submitted defendant's special requested charges, and no error was pointed out in the court's charge, there was no reversible error.

**8.—Same—Extending Term of Court.**

Under article 1726, Revised Civil Statutes, it is provided that when the court is in the midst of a trial, he may extend the term until the conclusion of same, and there was no error upon trial of rape, that this was done.

**9.—Same—Special Venire—Bill of Exceptions.**

In the absence of bills of exception, the admission of testimony and the court's action in overruling the motion to quash the venire, can not be considered on appeal.

**10.—Same—Misconduct of Jury—Judgment.**

Where the judgment of the court recited that defendant's motion for new trial on account of the misconduct of the jury had been overruled, after considering the evidence adduced thereon, and the bills of exception did not disclose such evidence, it must, nevertheless, be presumed that the judgment recites this fact correctly.

**11.—Same—Continuance—Depositions.**

Where the motion for continuance showed on its face that defendant should have taken steps to take the deposition of the absent witness, and the absent testimony as to the other witnesses with reference to prosecutrix's want of chastity was probably not true, there was no error in overruling same; besides, the diligence was insufficient.

**12.—Same—First Application for Continuance—Discretion of Court.**

Even a first application for continuance is no longer a matter of right, but is addressed to the sound discretion of the trial judge, and where no abuse of discretion was shown, there was no error.

**13.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape by force, the evidence sustained the conviction under a proper charge of the court, there was no error.

**14.—Same—Judgment—Presumption.**

Where the judgment of the court recites that he heard evidence on the motion for new trial on the question of the misconduct of the jury, it must be presumed on appeal that such evidence was heard, in the absence of a proper bill of exceptions authorizing this court to review the matter.

**15.—Same—Motion for New Trial—Affidavits—Pleading.**

A motion for a new trial is but a pleading together with the exhibits attached thereto, including affidavits, and unless the latter are introduced in evidence, and the matter properly reserved by bills of exception, the same can not be considered on appeal.

**16.—Same—Rules of the Supreme Court.**

The rules of the Supreme Court require that in order that the Appellate Court may review the action of the trial court on any matter which does not constitute a part of the record at common law, the same must be presented by bills of exception, and where the motion for new trial sets up matters extrinsic the record and evidence is heard thereon, it is necessary that the evidence be preserved by bill of exceptions in order to review the same on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608.

**17.—Same—Evidence—Reputation for Chastity—Consent.**

Where, upon trial for rape, the physical facts showed that the alleged intercourse was not by the consent of the prosecutrix, there was no error in overruling

an application for continuance, for the absence of testimony showing that the reputation for chastity of prosecutrix was bad a year prior to the alleged rape.

Appeal from the District Court of Sherman.   Tried below before the Hon. D. B. Hill.

Appeal from a conviction of rape by force; penalty, fifty years imprisonment·in the penitentiary.

The State's testimony showed that the prosecutrix while riding in an automobile with defendant, late in the afternoon, and while they were returning towards her home shortly after dark, the defendant forcibly took her out of the automobile, after she had· refused to kiss him, etc., threw her forcibly to the ground, and in spite of her strenuous resistance, had carnal intercourse with her by force and against her consent.   Defendant testified that he had prosecutrix's consent, and that they were engaged to be married.

*Moore & Powell* and *Tatum & Tatum* and *M. Cammack* and *C. F. Rudolph* and *W. F. Ramsey,* for˚appellant.—On question of hearing evidence by affidavit and otherwise on motion for new trial:   Townsend v. State, 22 S. W. Rep., 405; Harris v. State, 17 Texas Crim. App., 559; Stegald v. State, 22 id., 464; Good v. State, 67 S. W. Rep., 102; Kelley v. State, 31 Texas Crim. Rep., 211.

On question of change of venue:   Coffman v. State, 62 Texas Crim. Rep., 88, 136 S. W. Rep., 779; Dobbs v. State, 51 Texas Crim. Rep., 629.

On question of overruling motion for continuance on reputation of prosecutrix:   Favors v. State, 20 Texas Crim. App., 155; Lawson v. State, 17 id., 292; Jenkins v. State, 1 id., 346; Rogers v. State, 1 id., 187; Trammel v. State, 1 id., 121; Pefferling v. State, 40 Texas Crim. Rep., 487; Shields v. State, 32 Texas Crim. Rep., 498; Knowles v. State, 44 id., 322.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of condition of prosecutrix:   Branch's Criminal Law, sec. .706; Lawson v. State, 17 Texas Crim. App., 292; Holst v. State, 23 id., 1; Grimmett v. State, 22 id., 36; Reddick v. State, 35 Texas Crim. Rep., 463; Roberson v. State, 49 S. W. Rep., 398.

HARPER, JUDGE.—Appellant was convicted of the offense of rape by force, the alleged injured party being a young lady school teacher of Sherman County, and his punishment assessed at fifty years confinement in the penitentiary.

It appears from the record that court convened the 13th day of January and adjourned on the 28th day of January.   When this case was called for trial on the 24th day of January, appellant presented an application for a change of venue.   It was contested by the State, and the court after hearing the evidence overruled the motion.   The bill presenting the evidence heard on the motion was not filed until March 26th, two months and two days after court had adjourned for

the term.    Article 634 of the Code of Criminal Procedure provides:
"The order of the judge granting or refusing a change of venue shall
not be revised upon appeal, unless the facts upon which the same was
based are presented in a bill of exceptions prepared, signed, approved
and filed at the term of the court at which such order was made."    Thus
it is seen by the plain mandate of the Code we have not the authority
to revise the order overruling the motion for a change of venue in this
case.    McMahon v. State, 61 Texas Crim. Rep., 489, and cases cited
in sec. 681, White's Ann. Crim. Proc.

The rape is alleged to have occurred shortly after dark on Friday
evening, January 17, of this year.    That afternoon appellant had gone
to the place where the young lady boarded and carried her automobile
riding.    During the drive they went to the town of Stratford, and
appellant got out and went in the store of A. W. Allen, leaving the
young lady seated in the automobile, and while in the store remarked,
"That he had plenty of c—k in the wagon, and that he had plenty
of money to pay his fine, and that if he could not make her spark, you
(the person to whom he was talking) come and turn her over; that
he was not afraid of the grand jury."    As the alleged rape is known to
have occurred shortly after these remarks were made, the testimony was
clearly admissible.    The young lady was then sitting in the automobile
in front of the store, and the testimony clearly shows he referred to her,
the bent of his mind, and throws light on the subsequent conduct of
defendant the same evening.

Appellant objected to Harry Ingram being permitted to testify that
on the morning of the 18th, being the next day after the alleged offense,
he found a hat pin in the automobile driven by appellant on the night
of the alleged rape, and that it was bent.    This hat pin so found was
identified as the hat pin of Miss Henderson, and she testified that
when appellant assaulted her and threw her on the ground, in resisting
the rape, she drew her hat pin out, undertook to strike appellant with
it, when it bent, he taking it away from her and subsequently threw it
into the automobile.    The fact that her hat pin was found in the
automobile bent, tended strongly to support her testimony and the
testimony was properly admitted.

Appellant also objected to Noble Kelp being permitted to testify that
on Sunday morning, after the offense was alleged to have been committed
on Friday night, "he examined a spot of ground on the side of the road
between Stratford and Mr. Timberlake's (the place where Miss Hender-
son boarded) ; that there was a circle about four steps in length and about
four steps from the road, and it looked like some one had gouged their
toes or heels in the ground."    Defendant contends the time was too
remote; that it was not shown this was the spot where the offense
was committed, nor that it was in the same condition on Sunday morning
that it was Friday night, and that it was not shown that this condition
was produced by appellant.    This witness testified: "I examined a
part of the road between the Shepherd place and Timberlake's after

this occurrence. I was at Mr. Timberlake's that night and I examined the place Sunday morning after the alleged rape. I found the ground was dug up and scratched up. It looked like it was sorter prodded up with shoe heels. The grass was all torn up and I found a tie pin which I have got. I found a shoe heel, that is, one little layer of the heel, and I found a piece of glass, which I supposed was out of the automobile light. I found some ladies' hairpins which were lying on the ground right where the ground was scuffled up. They were lying on the left-hand side of the road as you go out to Timberlake's from town." The "tiepin" found there was identified as the pin of appellant. Miss Henderson's shoe was shown to have lost a layer off the heel, and this layer of the heel found at this place was shown to belong to Miss Henderson's shoe, and the other property found on the ground was shown to be hers. Under such circumstances the testimony was admissible, appellant's pin and her shoe heel being found there, and the testimony tended strongly to support her contention that she resisted the assault, and was overcome by force. It is not too remote, being not over forty hours after the occurrence, but the fact that this much time had elapsed might go to its weight but not to its admissibility.

Appellant objected to Mrs. Timberlake being permitted to testify that when Miss Henderson arrived home that "she was nervous and was not able to stand up." To take isolated expressions like this and object to them and not present the setting nor the connection in which they were admitted, do not present the matter sufficiently, and the bill is too incomplete to call for a revision. But what this witness did testify is that when Miss Henderson arrived home she called, "Mrs. Timberlake, Mrs. Timberlake," and as she got to her Miss Henderson remarked, "that onery dog has ruined me." That Miss Henderson's "condition at that time was unrecognizable, almost. Her face was just blue and her neck clear down to there (indicating). She was blue clear down to her breast and her hair was just stringing down her back, tangled and full of grass. She had on a long coat and it was just covered with grass. I didn't untangle her hair until Sunday. Her hair was just in tangles and full of grass. The hairpins were bent, several of them bent double and just sticking in her head. I had to feel over her head and get them out. I took some hairpins out of her hair on Friday night and they are here some place. I gave them to my husband. She was excited and very nervous when I got to her that night and she couldn't stand. She had some bruises on her body, her left hip was bruised and she had some bruises on the lower part of her limbs, from her knees up. They were not large bruises—just small bruises. We could see them plainer next morning than that night. There was several red places on her body. She and I removed her corset and it is here and they can see it. The stays are broken—I think they were all broken except a few. One was broken at the waist line and the others down lower. I don't know whether her supporters were loose or not. She was not able to set up and I felt of her pulse and she

hardly had any to feel. She was cold as ice all over her body. She was nervous. We worked with her until after two o'clock and she then seemed to get quiet and warm in about four hours." Under all of our decisions this testimony was clearly admissible, the remarks being res gestae of the transaction, and certainly it was permissible to show her condition.

It was also permissible for the State to introduce the shoe in evidence with a portion of the heel off; the piece of the heel found by Noble Kelp; the bent hatpin identified as the property of Miss Henderson; the "tiepin" identified as belonging to appellant, the torn waist and other articles of wearing apparel. They all shed light on the main contested issue, was or was not force used.

The appellant requested four special charges presenting his contention in the case in the most favorable light, and they were all given by the court. These and the charge of the court presented fairly every issue raised by the testimony, and the charge as given, viewed in the light of the special charges as given, is not subject to the criticism contained in appellant's motion for new trial. In addition thereto no error is sought to be specifically pointed out, but only general objections made.

It appears that this case went to trial during the term fixed by law, but that it was not completed by January 25th, the time when the term would have expired by limitation, and the court entered an order on that date extending the term of court until the conclusion of the trial of this case, the one in which it then was engaged in trying. Article 1726 of the Revised Statutes provides that when the court is in the midst of a trial, it may extend the term until the conclusion of said trial, and the court in this instance did not err in so doing.

Those grounds in the motion for new trial complaining of the action of the court in overruling the motion to quash the venire, etc., can not be considered as no bills of exception were reserved. Neither can we consider those grounds in the motion complaining of the action of the court in admitting certain testimony to which no bills of exception are incorporated in the record.

However, in the motion for new trial it is contended that two of the jurymen, Caldwell and Smith, had formed and expressed an opinion in this case prior to the time they were accepted on the jury, and the affidavits of Messrs. Rudolph, Altum and Welshimer are attached to the motion as exhibits stating that Caldwell had said when speaking of this matter, that appellant ought to be castrated, and that Smith had said appellant "ought to have his neck stretched." The court in overruling the motion for new trial enters the following judgment: "On this day came on to be heard the motion of the defendant Earl Sharp herein for a new trial and the defendant being present and said motion being presented to the court and the court having heard and considered said motion, *the evidence adduced thereon,* and the argument of counsel is of the opinion that the law is against said motion. It is therefore ordered, adjudged and decreed by the court that the said motion be

and the same is hereby in all things overruled." If the court "heard the evidence thereon" as he states in his judgment, this evidence ought to have been presented by a bill of exceptions and placed in the record, that we might determine whether or not the court abused the discretion confided in him by law. If the only evidence offered were the affidavits attached to appellant's motion for new trial, this fact should be shown by a proper bill, and in the absence of any bill of exceptions we are left in the dark as to the evidence heard by the court, and as appellant has not by a proper bill brought to us the evidence heard on this ground in the motion, and the judgment states that "evidence was heard by the court and considered by him," we would not be authorized to presume that the court acted improperly in the premises. We can never review the action of the court in any matter where the evidence heard and considered by him is not brought forward in the record.

The only other matter that need be considered is the action of the court in overruling appellant's application for a continuance. As to the witness J. D. Rawlings, no diligence is shown. It is true it is stated that a subpoena was issued to Sherman County, but there is no allegation that this witness then or had ever lived in Sherman County, nor is the place of his residence stated. It is further stated in the application that the witness was out of the State, and instead of issuing a subpoena to Sherman County (when he knew he was not in that county) appellant should have taken some steps looking to taking his depositions, and then moved to postpone the case until the depositions could have been obtained, if he deemed the testimony material. As to the other two witnesses, Mr. and Mrs. D. F. Burkhead, appellant alleges that they live either in Johnson or Tarrant County, and that he had subpoenas issued in both counties, and that he expects to prove by them that the reputation of Miss Henderson for virtue and chastity in 1911 and 1912 was bad. A telegram in the record from Johnson County states that these witnesses do not reside in Johnson County, while there is no return from the sheriff of Tarrant County, and we have no evidence that they reside in Tarrant County other than the general statement of appellant contained in his motion for new trial "that they are alleged to reside in Tarrant or Johnson County." There is no specific allegation that they do so reside. It seems to us that if they had resided in either of the counties, it could have been ascertained at least before the motion for new trial was acted on, and if there was attached to the motion the affidavit of either of them that they would so testify, we would be inclined to give great weight to the application for a continuance. But even a first application for a continuance is no longer a matter of right, but by our Code it is a matter to be addressed to the sound discretion of the trial judge (subdivision 6 of article 608, Code of Crim. Proc.; Abrigo v. State, 29 Texas Crim. App., 143; McAdams v. State, 24 Texas Crim. App., 86; Wolldridge v. State, 13 Texas Crim. App., 443). Of course, this is not an arbitrary discretion, for it is provided that after a motion for continuance is overruled, and the

person on trial is convicted, if it should appear that the testimony of the absent witnesses was of a material character, and the facts set forth in the application probably true, a new trial should be granted. And it is for this reason we state if attached to the motion for new trial the affidavit of the witness that he would testify as alleged, the question is much more favorably presented. However, in this case it is shown that Miss Henderson was residing in Sherman County; was employed as a teacher in the public schools, and of all the witnesses summoned and introduced by defendant he propounded to none of them any question as to the reputation of Miss Henderson in the respect named, and we can not say that in view of the testimony on the trial the court abused the discretion confided in him in holding that it was not probably true the absent witnesses would so testify if they were present. We know that in the light of the record before us we do not feel inclined to hold that the trial court abused his discretion and acted arbitrarily in the premises. While we know that the fact that testimony which is cumulative in its nature is no ground for overruling a first application for a continuance, but in this case the testimony can not be said to be cumulative, for in the record before us there is no testimony that the reputation of Miss Henderson for chastity and virtue is bad, but all the record would tend to show to the contrary.

The evidence is ample to support the verdict, and the judgment is affirmed.

                                                           *Affirmed.*

### ON REHEARING.

### November 5, 1913.

HARPER, Judge.—This case was affirmed on the last term of this court and on motion for rehearing the case was postponed at the request of appellant's counsel to give them ample time to brief same. But two questions are presented on the motion for rehearing. First, that we erred in *presuming* that evidence was heard on the motion for a rehearing. If it had been a presumption of ours, then there would be merit in appellant's motion, but was it a presumption on our part? The order overruling the motion for a new trial reads: "On this day came on to be heard the motion of the defendant Earl Sharp herein for a new trial and the defendant being present and said motion being presented to the court and the court having heard and considered said motion, the evidence adduced thereon and the argument of counsel, is of the opinion that the law is against said motion. It is therefore ordered, adjudged and decreed by the court that the said motion be and the same is hereby in all things overruled." Thus it is seen that the court in his judgment asserts, "the court having heard and considered said motion, *the evidence adduced thereon,* and the argument of counsel, etc.," that the motion is overruled. Yet, we are asked to ignore this solemn declaration of the trial court in his judgment, and find that he heard no evidence, but only considered the affidavits

attached to his motion for a new trial. The motion for a new trial is but a pleading, together with the exhibits attached thereto, and when it is sought to raise therein an issue extrinsic the record, it must be sworn to, yet, swearing to it, does not render it any the less a pleading in the case. And if on the hearing of the motion appellant desires the exhibits attached to be considered as evidence, he ought to introduce them as such, and then if no other evidence is introduced, and his motion is overruled, appellant, in a proper bill, ought to show that fact, and then we would be authorized to review the action of the court. But when the court in his judgment recites he heard *the evidence* adduced on this ground of the motion, and overrules it, without having the evidence before us, it is impossible for us to determine whether he ruled correctly or incorrectly, and we can not review his action.

Appellant cites us to Rules 53 and 55 of the Supreme Court, claiming that no bill of exceptions was necessary. They read:

"Rule 53: 'There shall be no bills of exceptions taken to the judgments of the court, rendered upon those matters, which, at common law, constitute the record proper in the case; as the citation, petition, answer and their supplements and amendments, and motions for a new trial, or in arrest of judgment, and final judgment.'

"Rule 55. 'The rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon the admission or rejection of evidence, and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions, signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise.' "

If these rules make anything plain it is that if we are expected to review the action of the court on any matter which did not constitute a part of the record at common law, such matter must be presented by bill of exceptions. Of course, if appellant's motion for new trial only complained of errors in the record as made on the trial, it is not necessary to set up those matters in a bill of exception, but when the motion for new trial sets up matters extrinsic the record, and evidence is heard thereon, then it is necessary that the evidence be preserved by bill of exception in order to enable us to intelligently pass on whether the ruling of the court was correct or incorrect. Probest v. State, 60 Texas Crim. Rep., 608.

The only other ground in the motion for rehearing is that the court erred in overruling his application for a continuance. This is so thoroughly discussed in the original opinion, we hardly deem it necessary to do so again. The physical facts on the ground, the condition of the young lady when she arrived home, and the other evidence in the case show conclusively it was not a case of intercourse by consent, and if all he says the absent witnesses would swear was admitted, that her

reputation for chastity was bad the year prior to this alleged rape, it could not and would not probably change the verdict. Such testimony would only be admissible as tending to show consent and, as hereinbefore stated, the evidence overwhelmingly refutes this idea or plea.

The motion for rehearing is overruled.

*Overruled.*