T. L. DREHER V. STATE.

No. 24354. April 27, 1949.
Rehearing Denied May 25, 1949.

*Wheat & Newton,* and *D. J. Brookreson,* Seymour, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for rape by force; the punishment, five years' confinement in the penitentiary.

According to the testimony of the prosecutrix, who lacked one day of being sixteen years of age, appellant went to the home of her mother, with whom she lived, and, under the guise of hiring prosecutrix as a baby sitter, induced her to get in the automobile with him. Appellant then drove into the country, removed her underclothing, and, while exhibiting a pistol, engaged by force in two acts of sexual intercourse with her, after which he returned prosecutrix to town. Prosecutrix communicated to her mother what had happened to her. She was then carried to a doctor, who made an examination of her and testified that he found her privates had recently been penetrated and that prior to this she was a virgin.

The offense was alleged to have been committed at Knox City on Tuesday, September 19, 1948. Appellant was arrested late the following day and made a written confession to the sheriff in which he admitted having raped the prosecutrix.

Appellant's defense was that of an alibi. He repudiated the confession by saying that the arrest and charge of rape was so shocking to his nervous system that he completely "blacked out" and knew nothing as to what happened thereafter or as to the making of the confession. As corroborating this statement of his nervous condition, he showed that he had been discharged from the Navy on account of nervousness; that for this condition he had been awarded disability compensation. Appellant was corroborated in his defense of alibi.

We are unable to agree with appellant that the facts are insufficient to support the conviction. The testimony of the prosecutrix and other corroborating facts show appellant guilty, as charged. It was the province of the jury to believe that testimony and to reject the defensive theory of alibi.

The state, over appellant's objection, introduced the dress and pants which the prosecutrix identified as worn by her at the time of the assault.

Appellant's objection was that such testimony was highly prejudicial and inflammatory and that no issue arose under the facts authorizing their receipt in evidence because the garments had not been first sufficiently identified.

The bill of exception presenting this matter recites merely that the garments were introduced in evidence. There is no description contained in the bill as to the condition of the garments—that is, whether they were torn or had blood thereon, or any other fact by which it may be said they were calculated to inflame the jury.

Ordinarily, the clothing worn by the prosecutrix in a case of rape by force is admissible. 18 Tex. Jur., Sec. 209, p. 337-339; Truman v. State, 50 Tex. Cr. R. 7, 95 S. W. 533; Sharp v. State, 71 Tex. Cr. R. 633, 160 S. W. 369; Nicholas v. State, 99 Tex. Cr. R. 504, 270 S. W. 555; France v. State, 148 Tex. Cr. R. 341, 187 S. W. 80.

The bill of exception contains nothing which shows that the general rule is not here controlling which would authorize this court to say that the trial court's ruling was not correct.

The doctor who examined the prosecutrix was permitted to testify, over appellant's objection, that prosecutrix appeared to him to be fourteen or fifteen years of age. The objection was

that such testimony was the expression of an opinion by the witness.

The age of the prosecutrix was not an issue under the facts in the case. The state's case showed a case of rape by force and, also, statutory rape. Moreover, prosecutrix testified in the case and the jury were in position to see and observe her.

We perceive no error in the trial court's ruling.

The confession, upon its face as well as the testimony offered as a predicate for its introduction, showed that it had been made after proper warning and in accordance with law. It was therefore admissible in evidence, as against appellant's objection that it was not voluntary and that he did not know he signed it. Moreover, the trial court instructed the jury to the effect that the confession could not be considered if appellant did not know he signed the same or that he signed it as a result of a nervous condition.

After appellant had testified as to his nervous condition and "blackout" at the time he made the confession, the state proved by the witnesses to the confession that he evidenced no such condition at that time. Appellant objected to such testimony as an expression of opinion by the witnesses. This testimony was admissible in contradiction of the testimony of the appellant.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant contends that we erred in the original disposition of this case in holding that the clothes worn by the injured female on the day in question were admissible in evidence without any evidence that they were, at the time of trial, in the same condition as they were immediately after the alleged rape. It occurs to us that appellant does not fully appreciate the significance of the girl's testimony relating thereto. She testified as follows: "That wearing apparel is torn, it was torn when he tried to pull my dress off. * * * he tore my skirt." As we understand this testimony, it means that appellant tore the clothes at the time of the alleged offense and they had not been mended. Therefore, they were in the same condition when introduced in evidence as they were at the time

of the commission of the offense. The clothes belonged to prose-cutrix; she was wearing them at the time of the offense. She wore them home; she had them at the trial and there is no intimation that anyone else had possession of them. Appellant seems to believe that our holding in the instant case is contradictory to and in conflict with our opinion in the case of Milo v. State, 214 S. W. (2d) 618. We do not agree with him.

Appellant next complains because we failed to discuss his Bill of Exceptions No. 5. It is true that we did not deem the complaint therein of sufficient importance to enter upon an extended discussion thereof since it would add nothing to the jurisprudence of this state.

Appellants' motion for a rehearing is overruled.

Opinion approved by the Court.