**Lawrence O'CONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36242.**

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

Rex Emerson, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Jon N. Hughes, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, death.

This is a companion case to Echols v. State, Tex.Cr.App., 370 S.W.2d 892. In order not to unnecessarily lengthen this opinion, the first four and the sixth paragraphs of the opinion in Echols are adopted as a statement of the evidence as this appellant's role in the crime is fully set forth therein, and the same evidence was introduced in the trial of this case. Appellant's full and complete confession was introduced without objection, and no question as to the voluntary nature of the same was raised. In the case at bar appellant did not testify or offer any evidence in his own behalf. The State, however, offered testimony that a pubic hair bearing the same characteristics as those which came from appellant's person was found in the underclothes of the prosecutrix.

■ We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by brief and in argument. He first contends that the arrest of appellant was illegal, and therefore, the confession and the fruits of the search of appellant's person were inadmissible. The confession was introduced in evidence without objection and therein we find the admission that appellant had the watch and ring in question in his possession after the commission of the crime. Some 50 pages later in the statement of facts appellant requested the court to instruct the jury to disregard the confession. This request clearly came too late. We observe in passing that the arrest does not impress us as being illegally made, but call appellant's attention to what we said in Head v. State, 160 Tex.Cr. R. 42, 267 S.W.2d 419, as follows,

"* * * the appellant has confused illegal arrest and illegal detention following arrest. It is the detention and not the arrest which this Court and the Supreme Court of the United States hold under some circumstances vitiates a confession." No illegal detention is shown in the case at bar.

Appellant next contends that the court erred in admitting in evidence the articles of clothing worn by the prosecutrix. There are no formal bills of exception and from the informal bills we are unable to find anything injurious to appellant from the items of clothing offered. There was no mention of the presence of blood on any of the items. Dreher v. State, 153 Tex.Cr. R. 398, 220 S.W.2d 170 and the cases cited therein illustrate that no reversible error was committed in this respect. See also 5 Tex.Jur.2d, Sec. 444, p. 696.

We commend able and experienced court appointed counsel for his efforts in appellant's behalf, but have concluded that no reversible error is reflected by this record.

Accordingly, the judgment is affirmed.