Johnny Lee CLEMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38675.

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Rehearing Denied Feb. 9, 1966.

Lewis L. Scott, Marshall, for appellant.

Ralph Prince, Longview, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, death.

The prosecutrix Darlene testified that on the night in question she and her date, Jerry Stanford, drove to a rural section of Gregg County where they met her sister and two other young people, who were traveling in another automobile, and that the five listened to the radio and played on a "swinging" foot bridge. After half an hour or more, she and her date left, going toward town with her at the wheel. She stated that as they approached another bridge she saw what was later described as a five gallon can sitting in the middle of this one-way bridge, that she stopped the automobile and that Jerry went forward on foot to remove the can. She further stated that at this moment a shot was fired from the rear of the automobile which she was driving, and appellant entered the passenger side of the automobile, put a gun in her ribs, and said "Let's get going", but that she released the clutch too fast and the motor died, whereupon the appellant struck her over the face and head. She then stated that when she called for help, Jerry started back to the automobile and appellant "stuck the gun out the door", shot Jerry in the chest, got out and threw Jerry over the bridge and that he and his companion then pulled her out of the automobile, dragged her through the weeds to a point where they forcibly

disrobed her and each of them in turn ravished her. After this, one of them shot her in the head, the throat and ear and then left the scene.

Prosecutrix' sister corroborated her account of the early part of the evening and testified that when they returned to the scene in search of prosecutrix and Jerry, they found Jerry sitting in the water below the bridge mumbling incoherently and subsequently found prosecutrix lying in a ditch disrobed and badly injured.

It was shown by medical testimony that prosecutrix had been shot four times in the head and neck and that she had been ravished and that Jerry had been shot in the chest and in the head, which latter wound caused extensive brain damage.

The following morning appellant's brother-in-law was arrested in appellant's presence, and later in the morning appellant was carried from his home to the Gladewater City jail. Some few hours later, while appellant was being transferred from the city jail to the Gregg County jail in Longview by Deputies Owen and Miller, the two stopped by appellant's home where they recovered a bloody shirt from an aperture in the ceiling, some bloody pants and a pistol from which the barrel had been forcibly removed. It was the officers' testimony that appellant voluntarily showed them where to find the articles. Appellant testified that he consented to their entry of his home because of threats made by the officers to take him to the river bottom and beat him.

Upon their arrival at Longview appellant was carried before Justice of the Peace Harrison in the courthouse where he was informed that he was charged with "attempt to murder" and that his bond was set in the sum of $10,000 in that case and was further informed that he was also charged with rape and that bond on such charge was "refused." At this time Judge Harrison told appellant that he had a right to talk to a lawyer. This occurred late in the afternoon of the arrest. Appellant was not questioned again until 1:30 p. m. the following afternoon when he was carried into District Attorney's Investigator Anderson's office, which had a glass window looking out into the main corridor of the courthouse, where a written statement was taken wherein appellant admitted the shooting and the rape. In addition to the statutory warnings, the confession recites and Anderson testified that appellant was advised that he had the right to talk to a lawyer before making a statement and that he did not want to talk to one. After a hearing outside of the jury's presence on the issue of voluntariness of the confession, the court made his independent finding that the same had been voluntarily given. Thereafter when such confession was offered and received in evidence, the court asked appellant's counsel if he had any objection, to which he replied, "None, Your Honor."

Appellant, testifying in his own behalf before the jury, admitted ownership of the shirt, pants and pistol. He stated that the blood thereon was squirrel or rabbit blood and admitted that he had gone home and removed the barrel from the pistol after he had seen the officers arrest his brother-in-law because he expected them to arrest him next. He testified, as shown above, concerning the threats made by the officers as they were leaving the Gladewater City jail and before reaching his home, but admitted that he reported no such threats to Judge Harrison or Investigator Anderson.

The State called Chemist Beardsley in rebuttal, and he testified that he had examined the shirt and pants in question and found human blood.

The voluntary nature of the confession was submitted to the jury in the court's charge and by them decided adversely to appellant.

■ In appellant's brief the following grounds for reversal are advanced. It is first contended that the court erred in failing to change the venue. His motion alleges that a great prejudice existed against

him in Gregg County. We will list only a few of the reasons this contention cannot be sustained. There is no showing that the same was ever presented to or acted upon by the court. Tyler v. State, 163 Tex.Cr. R. 441, 293 S.W.2d 775. There is no record of any evidence to indicate that the allegation contained in the motion was true. Appellant did not exhaust all his challenges, and there is no showing that he was forced to accept any objectional juror. Moon v. State, 169 Tex.Cr.R. 14, 331 S.W.2d 312. The affidavit in support of the motion was sworn to by appellant's attorney, which this Court has uniformly held to be insufficient as a pleading. Luttrell v. State, 70 Tex. Cr.R. 183, 157 S.W. 157. The voir dire of the veniremen is not before us from which we might ascertain from their answers whether or not prejudice did in fact exist in the County and did in fact enter the jury box. Kizzee v. State, 166 Tex.Cr.R. 191, 312 S.W.2d 661.

Appellant in his brief complains of the admission of the confession taken at a time when he was not represented by counsel. As stated, when the same was offered and admitted into evidence, the court asked counsel for appellant if he had any objection, to which he replied "None, Your Honor." Appellant admits that Judge Harrison told him on the day of his arrest that he had a right to talk with a lawyer. If we properly comprehend his testimony, he said that the portion of the confession which he gave to Anderson which says, "I have been advised that I have the right to talk to a lawyer before making this statement and I do not, at this time, desire to talk with one" was typed into the statement after it was completed and appellant agreed to such insertion. Anderson testified that prior to the making of the statement, "I told him he had a right to talk to an attorney and that the telephone was available for him to call one. * * *"

Appellant admits that on the day following the making of the statement he was carried before the District Judge, who ask-

ed, him if he had been "threatened to make a statement," and that he had told him that he had not been.

■ Since appellant's counsel stated that he had no objections to the introduction of the confession, it is not necessary to discuss the contention raised in his brief that his confession was taken at a time when he was not represented by counsel.

■ Appellant's last contention is that the court erred in failing to continue the case some three to six months so that appellant might then secure the testimony of Jerry Stanford. We observe that the indictment which was served on appellant had endorsed on the back thereof the names of sixteen witnesses and that Stanford's name did not appear thereon. No motion for continuance was filed prior to announcement. After the trial was in progress, appellant applied for a subpoena, and the same was served. This was the situation in Meredith v. State, 171 Tex.Cr.R. 359, 350 S.W.2d 550, 551, wherein it was held that diligence had not been shown. The witness was called and did not answer, and the court heard evidence on the question of whether he should issue an attachment. Stanford's father testified that his son was recovering from a bullet wound in his brain, had not worked at all since he was shot, was under the constant attention of some member of the family, had no recollection of the incident and that he had been advised by his doctor that he should not be used as a witness.

Dr. Jones, the County Health Officer, testified that he had examined Jerry during the trial and all he could remember was that he had been shot around some water and expressed the opinion that Jerry *was not mentally competent* and that he would not be in a position to testify at any time in the foreseeable future. He further stated that if he were going to show improvement, he should show it within three to six months, but that he definitely and strongly urged that because of the boy's condition he

not be called upon to testify. Upon this testimony, the court refused to order an attachment, and we have concluded that no reversible error is reflected by his ruling.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.