Leon Reginold BORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 40023.

Court of Criminal Appeals of Texas.

Jan. 25, 1967.

Rehearing Denied March 8, 1967.

Ben Henderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert Stinson, Scott Bradley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for assault with intent to murder. The punishment was assessed at fifteen years.

Sentence was pronounced and notice of appeal given on January 21, 1966.

The appellant's brief assigning error was filed in the trial court long prior to the approval of the record by the trial judge. From the oral argument at the time of submission and the record, it appears that said brief is still relied upon by the appellant. It will be considered.

The appellant contends that his written statement pertaining to the offense charged was illegally obtained from him on the ground he was arrested without a warrant, never taken before a magistrate, or advised

of his right to counsel; and its admission in evidence was error.

The trial judge held a separate hearing in the absence of the jury on the issue of the voluntary nature of the written statement of the appellant, and prior to its admission in evidence before the jury he made an independent finding that it was voluntarily made.

The issue as to the voluntary nature of the written statement was properly submitted to the jury in the court's charge.

■ At the time said written statement was offered into evidence the appellant made no objection, and it was admitted in evidence and read to the jury without objection. In the absence of any objection to the admission of said statement at the time it was offered in evidence before the jury no error is shown. 5 Tex.Jur.2d 67, Sec. 40; O'Conner v. State, Tex.Cr.App., 373 S.W.2d 245; Clemons v. State, Tex.Cr. App., 398 S.W.2d 563; Watts v. State, Tex. Cr.App., 408 S.W.2d 106.

■ Error is urged on the ground that the appellant has been denied a part of the record in the cause, that is, a transcription of all the argument to the jury.

At the beginning of this trial the appellant filed the following motion:

"Now comes Leon R. Born hereinafter called defendant in the above styled and numbered cause by and thru his attorneys of record and requests the court to cause all of the argument of counsel to be transcribed by the official court reporter that is allowed by law, and in this connection defendant says that he is too poor to pay for same and further herein that he does not have property to pledge for said transcript of said remarks and summaries by the said attorney or attorneys in the summation to the jury in said cause."

The above motion was granted by the court.

Art. 40.09, Sec. 1, Vernon's Ann.C.C.P., provides as follows:

"In all cases appealable by law to the Court of Criminal Appeals, the clerk of the court that entered the conviction sought to be appealed from shall, under his hand and seal of the court, *make and prepare an appellate record comprising a true copy of the matter designated by the parties,* but shall always include, whether designated or not, copies of the material pleadings, material docket entries made by the court, the charge, verdict, judgment, sentence, notice of appeal, any appeal bond, all written motions and pleas and orders of the court, and bills of exception."

Art. 40.09, Sec. 2, C.C.P., reads:

*"Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given."*

Art. 40.09, Sec. 4, C.C.P., provides in part:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, *and final arguments."*

Art. 40.09, Sec. 5, C.C.P., provides:

*"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record * * *."*

Art. 40.09, Sec. 7, C.C.P., provides:

"Notice of completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel."

The only request for the transcription of the jury argument was made by motion filed November 30, 1965, the date the trial began. This motion was referred to in appellant's brief filed August 31, 1966, before the approval of the appellate record on November 17, 1966. Appellant's brief recites that no notice of the completion of the record had been received at the time of the filing of his brief. The appellate record fails to affirmatively show whether the appellant had notice of the completion of the record. The order of approval of the record by the trial judge recites that no objection in writing was made to the record. The appellant approved the statement of facts by signing it on June 27, 1966. In appellant's brief he makes numerous references to the transcript which was certified by the clerk of the trial court as correct on July 15, 1966.

From the record, it appears that the appellant has failed to exercise due diligence to obtain a transcription of the jury argument and timely furnish it to the clerk for inclusion in the record. Art. 40.09, Sec. 5, C.C.P.

 The appellant closes his brief with the plea that he was mentally incapable of protecting his rights and had been continuously confined in jail since his arrest.

The court charged the jury that if at the time the appellant made any written statement, if he did, he did not know what he was doing, or did not know and realize the nature and effect of his act or acts, if any, then to disregard said statement, if any, and not consider it for any purpose.

The court also charged the jury upon the law of insanity.

It appears that appellant's rights were fairly and adequately protected during the trial.

Due to an order contained in the record extending the time for filing five formal bills of exception, which the court nevertheless had marked refused because they were not filed in time, the bills have been considered. They present substantially the same contentions hereinabove reviewed and none reveal error.

The judgment is affirmed.