**Richard Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45520.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Latham Boone, III, Navasota, for appellant.

Jerry A. Sandel, Dist. Atty., Huntsville, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, ninety-nine (99) years.

Appellant's two grounds of error grow out of his motion for change of venue.

■ Initially, he contends the State failed to file a controverting affidavit in answer to his motion for change of venue. Reliance is had upon Wall v. State, Tex.Cr. App., 417 S.W.2d 59. We call attention, however, to the fact that the State did file its controverting affidavit before the Court ruled on the appellant's motion. For this reason the rule relied upon in Wall, supra, has no application.

The following evidence was introduced at the hearing on the motion for change of venue. One of the compurgators, Powell, testified that he did not think that appellant could receive a fair trial in Grimes County and testified that he believed appellant to be guilty. The defense called four other witnesses.

The editor of the local paper identified certain news articles, but testified on cross-examination that in his opinion appellant could select a fair and impartial jury in Grimes County.

The witness Baker testified that he assisted in raising a reward for the arrest and conviction in this case and that his friends thought appellant was guilty.

Sheriff Johnson testified on cross-examination that he thought appellant could receive a fair trial in Grimes County.

The witness Rucker, District Clerk, expressed no opinion on appellant's case having been prejudged.

The two witnesses called by the State testified that in their opinion appellant could receive a fair and impartial trial in Grimes County.

■ We have examined the record and conclude, as we did in Clemons v. State, Tex.Cr.App., 398 S.W.2d 563, that appellant's contention cannot be sustained for the following reasons:

(1) Appellant has not shown that he exhausted all his challenges and that he was forced to accept an objectionable juror. Moon v. State, 169 Tex.Cr.R. 14, 331 S.W. 2d 312.

(2) The voir dire of the veniremen as well as the transcription of the court reporter's notes at the trial on the merits are not before us from which we might ascertain from their answers whether or not prejudice did in fact exist in the County.

As we said in Scott v. State, Tex.Cr.App., 471 S.W.2d 379, "We cannot agree, in light of the record before us, that the trial court abused its discretion in refusing to change venue . . . ".

Finding no reversible error, the judgment is affirmed.