**Dennis Earl SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–140–CR.**

Court of Appeals of Texas, Waco.

Dec. 31, 1981.

Sandra Thomas, Qualline, Thomas & Roberts, Houston, for appellant.

James F. Hury, Jr., Crim. Dist. Atty., M. J. Guarino, Asst. Crim. Dist. Atty., Galveston, for appellee.

Before McDONALD, C. J., and HALL and JAMES, JJ.

OPINION

McDONALD, Chief Justice.

Appellant appeals from judgment of conviction for Murder, for which he was sentenced to not less than 5 nor more than 25 years confinement in the Texas Department of Corrections.

During the early morning of August 12, 1980, Andreas Kostantas, George Bonas and another were returning to Galveston from Houston. Bonas was driving and decided to stop and check his service station that was closed for the night. Bonas pulled into the station. Appellant and Ivory Simonet were on the sidewalk next to the station when

Bonas pulled in. Appellant began to curse Bonas, Kostantas and their companion for no reason. Kostantas walked toward appellant and Simonet and was fatally shot in the head by appellant, according to Bonas. Appellant and Simonet ran down the adjacent alley, and were arrested by officer Garcia who was on patrol duty. Bonas positively identified appellant as the shooter. Simonet testified for the State. Appellant testified and denied firing the fatal shot.

Appellant appeals on what is denominated as "informal bills of exception".

■ Appellant's 1st complaint asserts the State's attorney prejudiced the jury by mentioning on voir dire that the deceased left a pregnant wife and a young daughter.

During trial the witness testified to the same matters without objection.

Assuming without deciding that the complained of matter was improper, appellant's complaints have been waived by his failure to object to the latter testimony of the same matters.

■ Appellant's 2nd complaint asserts reversible error because the State's attorney on voir dire stated to the jury panel that the presumption of innocence of a defendant was a rebuttable presumption.

We fail to perceive error, but in any event the trial court instructed the jury panel at the time that "the burden of proof is upon the State and never shifts to the defendant"; and thereafter in the charge correctly instructed the jury.

■ Appellant's 3rd complaint asserts the trial court erred in not granting appellant's motion for instructed verdict of not guilty.

Appellant was positively identified as the "shooter" by the witness Bonas; and the testimony of the police officer and the witness Simonet supports such testimony.

The contention is without merit.

■ Appellant's 4th and 5th complaints assert the testimony of officers Taylor and May in regard to appellant's bad reputation for truth and veracity was improper and was given without the laying of a proper predicate that the witnesses were competent.

Each officer stated that he knew the reputation in question in the community in which appellant resides. The defense took both officers on voir dire examination and was unable to show any reason why their testimony should be inadmissible.

The contentions are without merit.

■ Appellant's 6th complaint asserts that a news article which appeared in the Galveston Daily News on February 21, 1980 (during trial of this case) deprived appellant of a fair trial. The article stated that the Criminal District Attorney expressed dismay at the leniency of two of the District Judges in granting probation, and generally called for longer sentences. Nothing appears in this record to show that any juror read the article; no motion for new trial containing juror affidavits was filed; and the article was not directed at, nor did it mention appellant or this case.

Newspaper publicity alone does not establish prejudice. *Creel v. State*, Tex.Cr.App., 493 S.W.2d 814, *Clemons v. State*, Tex.Cr. App., 398 S.W.2d 563.

No error is shown.

All appellant's "Informal Bills of Exception" and contentions made therein have been considered and are overruled.

AFFIRMED.