Reyes SILGUERO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–228–CR.

Court of Appeals of Texas, Corpus Christi.

April 14, 1983.

Rehearing Denied May 5, 1983.

Discretionary Review Refused Oct. 5, 1983.

L. Aron Pena, Edinburg, for appellant.

Rene Guerra, Theodore C. Hake, Criminal Dist. Atty., Edinburg, for appellee.

Before YOUNG, UTTER and KENNE-DY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction for murder in which punishment was assessed by the jury at life imprisonment. Our original opinion of September 23, 1982 is withdrawn and this opinion is substituted for it. The current case is a retrial of a capital murder conviction which was reversed. *Silguero v. State*, 608 S.W.2d 619 (Tex.Cr.App. 1980). The sufficiency of the evidence is not challenged; accordingly, only a short recitation of the relevant facts follows.

Appellant and Eustacio Perez abducted a seven year old girl from her home in Hidalgo County on or about the evening of August 16, 1978. Mr. Perez, as an accomplice-witness for the State, testified that he and appellant took the victim into the country and raped her, and that appellant then took her into the bushes from where Mr. Perez heard thumps and moans. The wrench alleged to be the murder weapon was introduced into evidence at the trial. Appellant raises six grounds of error on appeal.

In appellant's first ground of error, he complains of the admission into evidence of an "eight inch super adjustable wrench" alleged to be the murder weapon. Appellant contends that the wrench was inadmis-

sible for failure to show a proper chain of custody. While appellant recognizes the general rule that such objections go to weight and not admissibility, *Greer v. State,* 523 S.W.2d 687 (Tex.Cr.App.1975), he insists that, because of the circumstances of the seizure, including the length of time involved, a rule stricter than the general rule should prevail. We do not agree.

The record shows that the exhibit in question was taken from appellant in August, 1978, and introduced into evidence at the retrial of appellant on April 4, 1981. During the intervening period the exhibit was taken by law enforcement officials to the property room of the Mercedes, Texas, Police Department where it remained locked in an evidence vault to which access was extremely limited. For almost three years it remained in the vault in a plastic evidence bag. An evidence tag, although not attached to the bag itself, provided an accurate physical description of the exhibit and the circumstances of its seizure. Three custodians of the evidence room testified to the continuity of the exhibit's presence until the time it was shown to appellant's investigator by the chief of police. The prosecutor later borrowed it for analysis, after which it was retrieved by him. The only suggestion of any interference with the evidence arose from testimony by a prosecution witness on cross-examination that it was possible for exhibits placed beside one another to be accidentally mixed in the vault. Such testimony clearly went to the weight and not the admissibility of the evidence. *See Wright v. State,* 420 S.W.2d 411 (Tex.Cr.App.1967); *Montgomery v. State,* 506 S.W.2d 623 (Tex.Cr.App.1974). Appellant's first ground of error is overruled.

In appellant's second ground of error, he alleges that the trial court erred by allowing the State to introduce into evidence a statement dated August 30, 1978 of the accomplice-witness, Eustacio Perez, who had signed three written confessions dated August 18, 19, and 30, 1978, respectively. Appellant himself offered the first two statements into evidence for the purpose of impeachment of Mr. Perez. When the State subsequently offered the third statement into evidence appellant objected claiming that the State had failed to establish a proper predicate. The trial court overruled the appellant's objection.

■ An objection of "no proper predicate" is a general objection. *Williams v. State,* 596 S.W.2d 862 (Tex.Cr.App.1980). It is well settled that a general objection is insufficient to preserve error. *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980). Nowhere in the second ground of error presented before this court does appellant even mention his trial objection to the alleged lack of proper predicate. The arguments urged in appellant's brief of this ground of error were not part of the trial objection. A contention raised on appeal will not be preserved if it varies from the trial objection. *Carillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). Consequently, nothing is presented for review.

■ Even if the exception had been preserved, the admission into evidence of the third statement by Mr. Perez would not constitute reversible error. A prosecution witness, Officer Watts, testified repeatedly without objection to the existence of *three* statements. Then Mr. Perez himself testified without objection and in some detail to substantially every matter presented in the third statement. The admission of improper evidence will not be reversible or harmful error if the same facts are shown by other facts to which no objection is made. *Merx v. State,* 450 S.W.2d 658 (Tex.Cr.App. 1970); *Lewis v. State,* 438 S.W.2d 816 (Tex. Cr.App.1969). Similarly, error assigned to the admission of improper evidence will be considered harmless if that evidence is proved by other witnesses without objection. *Orozco v. State,* 164 Tex.Cr.R. 630, 301 S.W.2d 634 (Tex.Cr.App.1957). Appellant's second ground of error is overruled.

■ In his third ground of error, the appellant contends that the trial court erred in refusing the appellant's proffer of testimony of two witnesses who had testified at the prior trial but who could not be located in the re-trial of this cause.

For the reasons set forth below, we hold the trial court did not err in refusing to admit this testimony. Art. 39.01 Tex.Code Crim.Pro.Ann. (Vernon 1979) provides:

> When an examination takes place in a criminal action before a magistrate, the defendant may have the deposition of any witness taken by any officer or officers named in this Chapter. The defendant shall not use the deposition for any purpose unless he first consent that the entire evidence or statement of the witness may be used against him by the State on the trial of the case, subject to all legal objections. The deposition of a witness duly taken before an examining trial or a jury of inquest and reduced to writing and certified according to law where the defendant was present when such testimony was taken, and had the privilege afforded of cross-examining the witness, *or taken at any prior trial of the defendant for the same offense,* may be used by either the State or the defendant in the trial of such defendant's criminal case under the following circumstances:

> When oath is made by the party using the same that the witness resides outside the State; or that since his testimony was taken, the witness has died, or that he has removed beyond the limits of the State, or that he has been prevented from attending the court through the act or agency of the other party, or by the act or agency of any person whose object was to deprive the defendant of the benefit of the testimony; or that by reason of age or bodily informity, such witness cannot attend. When the testimony is sought to be used by the State, the oath may be made by any credible person. *When sought to be used by the defendant, the oath shall be made by him in person.* [Emphasis added]

See also Art. 39.12, Tex.Code Crim.Pro.Ann. (Vernon's 1979).

It has been held that before former testimony[1] can be reproduced, the predicates articulated in Art. 39.01 must be clearly and satisfactorily established. *Raley v. State,* 548 S.W.2d 33 (Tex.Cr.App.1977).

The evidence which was presented to the trial court as a predicate for the introduction of the former testimony showed only that appellant was unable to locate the witnesses. Appellant has failed to show that any of the circumstances articulated in Art. 39.01 for the admission of former testimony applied to this case. Moreover, we note that Appellant failed to make an oath as required by Art. 39.01. See *McInturf v. State,* 544 S.W.2d 417 (Tex.Cr.App.1976); *Smith v. State,* 142 Tex.Cr.R. 349, 152 S.W.2d 751 (Tex.Cr.App.1941).

While non-compliance with the above article would be sufficient in itself for concluding that the trial court did not err, we also find that the appellant did not show due diligence in attempting to find the witnesses. The evidence shows that one subpoena was issued on March 30 and called for appearance on that same date: the other was issued on March 17 and was returned unserved. The record shows that voir dire examination began on February 23, 1981 and that the jury was selected and sworn on March 17, 1981. The State began to present evidence on March 19, 1981. Additional evidence presented to the trial court in the attempt to have the former testimony admitted shows that the appellant failed in diligently attempting to secure the presence of the witnesses. We find no error in the trial court's failure to

---

1. At first blush, the provisions of Art. 39.01 would not appear to apply to "testimony" given at former trials. In fact, the language of the statute speaks only in terms of "depositions." However, "deposition" has been held to mean any *testimony* or *evidence* adduced at the prior hearing. *Kerry v. State,* 17 Tex.Cr.App.Rpt. 178 (1884). In this case, the Court said:

   "It is most manifest that the word 'deposition'—the second word in [Article 774 (currently 39.01)]—is a mistake, and that the word has been used inadvertently by the revisers of the Code for the word 'testimony' or 'evidence.' The subsequent language of the article shows this to be the case, and it is put beyond all question by reference to the original act of 1866, from which the article was taken."

**496**

admit the former testimony. Appellant's third ground of error is overruled.

 In appellant's fourth ground of error, he complains of the trial court's failure to allow a prosecution witness to be questioned regarding a pending theft charge. While the general rule is that an unadjudicated offense may not be used to impeach a witness, Art. 38.29 Tex.Code Crim.Pro. (Vernon 1979), great latitude should be allowed the accused in showing bias, animus or motive to testify a certain way. *Castro v. State,* 562 S.W.2d 252 (Tex. Cr.App.1978), *Simmons v. State,* 548 S.W.2d 386 (Tex.Cr.App.1977). In the instant case, testimony outside the presence of the jury revealed that the theft charges were dropped at the request of the complaining witness. Appellant showed no bias, animus or motive which would remove him from the general rule of Art. 38.29. Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant complains that the trial court erred in failing to determine and grant his motion for change of venue. The record before us indicates that appellant presented his motion to the court and that the court heard testimony thereon. The court initially stated that it would take the matter under advisement after the hearing and later stated that it would hold the motion in abeyance while the voir dire of the jury was conducted. Only the voir dire of five jurors actually excluded is contained in the record. The record does not indicate that appellant ever again urged his motion to the court, and no ruling is in the record. *Clemons v. State,* 398 S.W.2d 563 (Tex.Cr.App.1965) is squarely in point. In *Clemons* there was nothing in the record to show that the court had ruled on the motion and that the voir dire was not a part of the record. Thus, the appellate court could not review the voir dire to see if prejudice existed. This case is also similar to *Clemons* in that appellant did not use all his challenges and has thus not shown that he was forced to take an objectionable juror. *See also Jones v. State,* 489 S.W.2d 618 (Tex.Cr.App.1973). Appellant's fifth ground of error is overruled.

Finally, in his sixth ground of error, appellant complains of the exclusion of five prospective jurors, based upon challenges by the prosecution. The prospective jurors were interviewed individually on voir dire because appellant was under indictment for capital murder. Appellant had on file an application for probation; each of the five jurors challenged testified that, regardless of the facts, they could not consider either five years or probation for the lesser-included offense of murder. The prosecution challenged for inability to consider the full range of punishment in accordance with Art. 35.16(b)(3) Tex.Code Crim.Pro. (Vernon 1979). The state is also entitled to challenge jurors who will not, or cannot, consider the minimum punishment in a case. *Chambers v. State,* 568 S.W.2d 313 (Tex.Cr.App.1978); *Bodde v. State,* 568 S.W.2d 344 (Tex.Cr.App.1978). All six of appellant's grounds of error are overruled.

The judgment of the trial court is AFFIRMED.