**Robert GLASPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–171 CR.**

Court of Appeals of Texas,
Beaumont.

June 26, 1985.

Don Duesler, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

PER CURIAM.

Appellant was found guilty by a jury of Burglary of a Building and the jury assessed his punishment at ten years confinement in the Texas Department of Corrections. He asserts a single ground of error:

"The trial court erred in failing to comply with appellant's request for services of the court reporter during the voir dire examination of the jury."

The appellant made a timely request to have the court reporter take shorthand notes of the voir dire examination. The statement of facts contains the following notation concerning the voir dire examination:

(WHEREUPON, at this time the Voir Dire Examination of the Jury Panel took place, there being no objections therein, the same is not being transcribed, after

which time the following proceedings took place, OUT OF THE PRESENCE....

Thereafter, in the designation of the record on appeal, the following, among other things was designated:

1) A transcription of all proceedings before the Court on November 6, 1984 with respect to all testimony and matters coming before the Court on the guilt and innocence stage of the trial;

\* \* \* \* \* \*

7) All arguments of counsel for the State and counsel for the Defendant during the hearings on guilt and innocence and punishment;

\* \* \* \* \* \*

▉▉▉ The record was completed and counsel for appellant was notified to make objections, if any. No objection was made to the failure of the court reporter to include the voir dire examination in the statement of facts. Appellant's ground of error is misplaced. This is not a failure to "take" shorthand notes as required by *TEX.CODE CRIM.PROC.ANN. art. 40.09 sec. 4* (Vernon Supp.1985), but a failure to "include" a transcription of the court reporter's notes in the record. The responsibility to designate and include the reporter's notes rests with the party which desires same. *TEX.CODE CRIM.PROC. ANN. art. 40.09 sec. 5* (Vernon Supp.1985). The appellant must show due diligence in his attempts to obtain the statement of facts. *Timmons v. State,* 586 S.W.2d 509 (Tex.Crim.App.1979). Here, the designation did not specifically request the voir dire be transcribed. There was no objection made to the record, which clearly showed the voir dire was not transcribed. From this record, it appears the appellant has failed to exercise due diligence to obtain a transcription of the voir dire examination and furnish it to the clerk for inclusion in the record. *See Born v. State,* 411 S.W.2d 739 (Tex.Crim.App.1967). The ground of error is overruled and the judgment of the trial is affirmed.

AFFIRMED.