Salvador OTERO–MIRANDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–87–0192–CR.

Court of Appeals of Texas,
Amarillo.

Feb. 26, 1988.

Floyd D. Holder, Jr., Lubbock, for appellant.

Ramon Gallegos, Asst. Co. Atty., Brownfield, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

A jury convicted appellant of aggravated kidnapping, Texas Penal Code Annotated § 20.04 (Vernon 1974) and assessed his

punishment at forty (40) years confinement in the penitentiary. By three points of error he contends the trial court erroneously excluded from evidence the former testimony of two witnesses from another trial of appellant (1) upon the basis announced by the court; (2) because the former testimony was admissible under the applicable evidentiary rule; and (3) in violation of his constitutional right to present a defense. We affirm.

Darryl Vandivere, a resident of rural Terry County near Brownfield, was reported missing on November 6, 1984. More than a year later, on November 25, 1985, his remains were discovered by hunters at a remote location in Gaines County. Appellant, and his cousin Eraclio Otero, were implicated in Darryl's abduction and death by circumstantial evidence that included their possession of Darryl's pickup truck, their cashing in El Paso of a forged check on Darryl's business account, and the recovery from Eraclio of an inscription indicating that Darryl was dead.[1]

Prior to appellant's trial for aggravated kidnapping, he was tried in Gaines County for capital murder.[2] At that trial, Ramon Perez–Cardena and Leonel Rodriguez–Gonzales, both Mexican nationals residing in Mexico, testified for appellant. The essence of their testimony was that appellant was in jail in Mexico when the crime occurred.[3] The jury by its verdict rejected the alibi defense.

In his defense to the instant prosecution, appellant proffered the testimony of Perez and Rodriguez from the capital murder trial on the basis that the witnesses were unavailable to personally testify because they were beyond the court's jurisdiction.

To establish their unavailability, appellant's counsel presented the testimony of appellant's father, Antonio Otero, who had maintained contact with the witnesses. However, contrary to counsel's voiced understanding, Antonio related that the witnesses were willing to come to Brownfield to testify if they were needed. Antonio testified that, although he had known of the trial setting for more than a month, he had neither asked them to attend nor notified them of the trial date. He also said that he had not talked with appellant's counsel about securing the witnesses.

Counsel represented to the court that he had caused subpoenas for the witnesses to be issued. The subpoenas would be served at the international border when the witnesses entered the United States. He acknowledged however, that he had done nothing else to secure their attendance.[4] It was his position that the witnesses' non-amenability to process so long as they remained in Mexico established their "unavailability", permitting the admission of their former testimony under the exception to the hearsay rule provided by Rule 804(b)(1) of the Texas Rules of Criminal Evidence. Referring to that same evidentiary rule, the trial court excluded the former testimony because "the State's attorney in this case has not had an opportunity or a similar motive to develop the testimony by direct, cross, or redirect examination, [and] ... a different charge is pending in this case from the one that the testimony was previously offered."

Thus, it is apparent that this appeal will be resolved by our interpretation of the pertinent portions of Rule 804 of the Texas

---

1. A handwritten note in Eraclio's wallet listed Darryl's name and the phrase (in Spanish) "six feet under."

2. Appellant was convicted and sentenced to life imprisonment.

3. Perez was unspecific about dates in his testimony, and nothing in it tends to disprove the State's evidence that appellant was in the Brownfield area on the date of the offense. The primary defensive worth appears to be in Rodriguez' testimony.

4. As discussed *infra,* the disposition of this appeal ultimately turns on appellant's failure to show diligence in procuring the attendance of his witnesses. Nothing in this opinion, however, should be read to imply any censure of court-appointed counsel's defensive effort. Counsel, who does not speak Spanish, and Antonio, who does not speak English, apparently communicated by telephone through Antonio's bilingual son who lives in Minnesota. Despite that and other practical and logistical difficulties, counsel represented appellant with competence and vigor.

Rules of Criminal Evidence. Paragraph (b)(1) of that Rule states that the following hearsay is not excluded if the declarant is "unavailable" as a witness:

(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Under subpart (a)(5) of Rule 804, the "unavailability of a witness" can occur when the witness ... "is absent from the hearing and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means." [5]

Appellant's initial complaint is that the trial court's stated reason for excluding the former testimony was erroneous. That argument gains nothing for appellant, however, because we have concluded that the court's exclusion was correct for other reasons. *Miles v. State,* 488 S.W.2d 790, 792 (Tex.Crim.App.1972). Accordingly, the first point of error is overruled.

The pivotal issue in this appeal is framed by appellant's second point of error. Anticipating that the trial court's exclusion will be measured against the "unavailability" requirement of Rule 804, appellant argues that the former testimony was admissible because proof of the witnesses' foreign residency and nationality conclusively established their "unavailability." Thus, the ultimate issue is whether proof that a witness cannot be subpoenaed is sufficient, standing alone, to establish the witness' unavailability under the Rule.

The "unavailability" aspect of our Rule 804 has not been addressed by a Texas court so far as we can determine. However, because the new Texas rule mirrors Federal Rule 804, we can find some illumination in the federal cases. Certainly, as

those cases illustrate, the law does not require the doing of a futile act. *Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). Specifically, Federal Rule 804(a)(5) does not require the proponent "to butt his head against a wall just to see how much it hurts." *United States v. Kehm,* 799 F.2d 354, 360 (7th Cir.1986). However, the strong regard for available live testimony embodied in Rule 804 and in the confrontation clause,[6] is incompatible with appellant's view that inability to subpoena the witnesses alone absolved him from making any other effort to secure their attendance.

Recognizing the demeanor value of live testimony, *Mattox v. United States,* 156 U.S. 237, 242–43, 15 S.Ct. 337, 339–40, 39 L.Ed. 409 (1895); *see Government of the Canal Zone v. P (Pinto),* 590 F.2d 1344, 1348 (5th Cir.1979), and in furtherance of common law tradition, the draftsman of the Federal Rules of Evidence deliberately placed former testimony in the category of exceptions to the hearsay rule, conditioned on unavailability of the declarant. *Government of the Canal Zone v. P (Pinto),* 590 F.2d at 1348. The federal rule draftsmen intended that the confrontation clause standard set forth in *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), also be used to measure the "unavailability" requirement of Rule 804(a)(5). *United States v. Kehm,* 799 F.2d at 360. Under that standard, a witness is not "unavailable" unless the proponent has made a good faith effort to obtain the witness' presence at trial. *Barber v. Page,* 390 U.S. at 724–25, 88 S.Ct. at 1321–22. Where the witness' attendance is discretionary with a party other than the proponent, a good faith effort still includes a request for such attendance, because "the possibility of a refusal is not the equivalent of asking and receiving a rebuff." 390 U.S. at 724, 88 S.Ct. at 1322. The Supreme Court reaffirmed the principle in *Ohio v. Roberts*

---

**5.** The pertinent provisions of Texas Rule 804 are almost identical to the corresponding parts of Rule 804 of the Federal Rules of Evidence.

**6.** The evidentiary hearsay rules and the confrontation clause of the sixth amendment to the United States Constitution are designed to pro-

tect similar values. *California v. Green,* 399 U.S. 149, 155–56, 90 S.Ct. 1930, 1933–34, 26 L.Ed.2d 489 (1970). Consequently, the confrontation clause cases are also pertinent to our resolution of this issue.

with the added note that "if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith *may* demand their effectuation." 448 U.S. at 74, 100 S.Ct. at 2543.

Appellant relies on *Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972) for his premise that the witnesses' foreign residency alone established their "unavailability." Though language in *Mancusi* lends surface support to appellant's position, the factual situation is substantially different, and we are not persuaded that the holding is applicable to this case. Among other things, *Mancusi* was tried twice and the status of the missing witness changed from United States resident to nonresident in the years between trials. Here, the witnesses, who testified at the first trial, were then and remain permanent residents of Mexico, no more "unavailable" at the second trial than at the first. Also, they were willing to again come to Texas and testify if asked to do so.

■ Because we find the *Barber v. Page* view persuasive, and compatible with Texas law,[7] we hold that Rule 804(a)(5) of the Texas Rules of Criminal Evidence requires the proponent of the former testimony of a witness who cannot be subpoenaed to show that the witness is unavailable despite good faith efforts undertaken prior to trial to locate and present that witness. *See Ohio v. Roberts,* 448 U.S. at 74, 100 S.Ct. at 2543. The determination of whether the effort is sufficient is, of course, a matter within the trial court's discretion, the exercise of which should be reviewed by the appellate court only for an abuse of discretion. *See Mancusi v. Stubbs,* 408 U.S. at 212–13, 92 S.Ct. at 2312–13; *United States v. Amaya,* 533 F.2d 188, 191 (5th Cir.1976), *cert. denied* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977).

■ In this case, beyond issuing unserved subpoenas, appellant pursued no "other reasonable means" to obtain the witnesses' attendance. Thus, their unavailability under Rule 804 was not conclusively established. It follows that the trial court did not abuse its discretion when it excluded the former testimony. The second point of error is overruled.

■ By his third point, appellant contends that, even if a technical application of Rule 804(a)(5) would exclude the former testimony, the trial court, in obedience to the holdings in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) and lower federal court decisions, should have admitted the testimony in order to assure him a fair trial. He argues that due process considerations forbid the mechanistic application of procedural rules that operate to deprive an accused of a defense.

■ We cannot accept appellant's argument. This is not, as in *Chambers v. Mississippi,* a case where an accused was hamstrung in presenting a defense by the invocation of an evidentiary principle that elevated form over substance. No bar was here created that prevented the presentation of appellant's defense, for, as indicated, he could have presented the witnesses in person to testify. *See Boyd v. State,* 643 S.W.2d at 709. The fourteenth amendment guarantee of the right to present a defense does not protect an accused against his own failure to procure available witnesses. The third point of error is overruled.

The judgment is affirmed.

DODSON, J., not participating.

7. The Texas decisions which pre-date the Texas Rules of Criminal Evidence are consistent with the federal court holdings. *See e.g. Boyd v. State,* 643 S.W.2d 708, 709 (Tex.Crim.App.1982); *Raley v. State,* 548 S.W.2d 33, 36 (Tex.Crim.App. 1977); *Silguero v. State,* 654 S.W.2d 492, 495 (Tex.App.—Corpus Christi 1983, pet. ref'd).