Billy Donald CALDWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–95–00009–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 30, 1996.

Decided Feb. 13, 1996.

Brady Fisher, Gary L. Waite, Paris, for Appellant.

Tom Wells, County Attorney of Lamar County, Robert Scott McDowell, Asst. County Attorney of Lamar County, Paris, for State.

Before CORNELIUS, C.J. and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Billy Caldwell appeals from his conviction for unauthorized use of a motor vehicle. He contends that the trial court erred by admitting in evidence at his trial testimony admitted in evidence at a previous trial for the same offense. Caldwell was first tried on October 18–19, 1994. That trial ended in a mistrial. The case was retried on January 11–12, 1995.

A dual-wheel GMC pickup truck was stolen from a parking lot on December 2, 1993. Caldwell and a companion were found in possession of the truck six days later and were arrested. Caldwell argues that he did not steal the truck but, without knowing it was stolen, got it from a third party three days after it was stolen. During the retrial, the State was allowed to introduce the testimony of Veeda Blair under the authority of Tex.R.Crim.Evid. 804(a)(4), 804(b)(1). Veeda Blair is Caldwell's grandmother. At the first trial, she testified that Caldwell came to visit her on December 2, 1993, the day the truck was stolen, and that he was driving a black GMC pickup with dual wheels.

Caldwell first contends that the testimony of Veeda Blair at the first trial was improperly admitted into evidence in violation of Tex.R.Crim.Evid. 804. Rule 804(b) provides:

The following are not excluded if the declarant is unavailable as a witness:

(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Unavailability is defined in Rule 804(a) as:

"Unavailability as a witness" includes situations in which the declarant:

. . . . .

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance or testimony by process or other reasonable means.

Caldwell contends that the State failed to adequately show that it made a reasonable effort to procure Blair's testimony. The State relies on the case of *Otero–Miranda v. State,* 746 S.W.2d 352, 354–55 (Tex.App.—Amarillo 1988, pet. ref'd, untimely filed). In that case, the Amarillo court, in the absence of Texas case law, analyzed Subsection (5) in accordance with federal decisions analyzing its counterpart in the Federal Rules of Evidence. The court concluded that Rule 804(a)(5) requires the proponent of the former testimony to show that good faith efforts have been made before trial to locate and present the witness. In that case, the State contended that witnesses who resided in Mexico were unavailable. The court noted that the witnesses had been residents of Mexico during the first trial, and so were no more unavailable at the second trial than at the first. The court further noted that those witnesses were willing to come again to Texas and testify if asked to do so.

■ Subsection (5) of Rule 804(a) suggests that unavailability means that the witness is unable to testify because of a physical or mental illness or infirmity. It is generally agreed that Rule 804 does not change the pre-rule requirement that as a predicate for admissibility the proponent must prove the unavailability of the declarant. *Keene Corp. v. Rogers,* 863 S.W.2d 168, 177 (Tex.App.—Texarkana 1993, no writ).

The Texas rule mirrors the federal rule. *Otero–Miranda v. State, supra.* The federal cases require the government to demonstrate the unavailability of the witness. *United States v. Donaldson,* 978 F.2d 381, 392 (7th Cir.1992) (citing *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). In the *Donaldson* case, a key witness was in the hospital. She had recently delivered a child, and had been hospitalized for chest pain the day before she was to testify. She experienced chest pain again when she tried to get out of bed the day of her scheduled testimony. The court held a hearing on the day she was scheduled to testify. The court noted that she had been vigorously cross-examined during her deposition testimony challenging her identification of the defendant. The court went on to hold that the trial court did not abuse its discretion in ruling that "a woman who had delivered a child a week prior to trial and had been hospitalized the day before with chest pain was unavailable for a four-day trial."

Similarly in *United States v. Keithan,* 751 F.2d 9, 12 (1st Cir.1984), the court noted that two witnesses, eighty-seven and eighty-three years old, suffered from conditions that con-

fined them to their homes, or at best made getting to the courthouse and attending a trial extremely difficult. The court held that the trial court did not abuse its discretion by permitting the use of their videotaped depositions at trial. The court noted that full confrontational rights were protected by the nature of the deposition testimony and the cross-examination.

An infirmity that prevents an elderly witness from traveling is an exceptional circumstance that justifies the use of deposition testimony at trial. *United States v. Campbell,* 845 F.2d 1374, 1378 (6th Cir.1988). Likewise, a witness who was hospitalized at the time of trial was held to be unavailable for the purpose of admitting otherwise inappropriate hearsay under FED.R.EVID. 804(a)(4). *United States v. Sutherland,* 656 F.2d 1181, 1201 (5th Cir.1981).

■ We find the federal authorities persuasive. Applying the principles to this case, we note that the State subpoenaed Mrs. Blair. The officer serving the subpoena testified that, when Blair answered the door, she told him she had just had knee replacement surgery and was going to be unable to attend the trial. She showed the officer a fresh scar that he described as six to seven inches in length along her right knee from top to bottom. He stated that she had extreme difficulty in walking and that she told him that, due to the surgery, there was no way she could make the drive to the courthouse. He further testified that it was a little over a two-hour drive from her home in Seagoville to the courthouse in Paris, Texas. He then confirmed Blair's statements about her difficulty in walking, and said it was his belief that Blair was too infirm to come to court. Mrs. Blair was in her late seventies at the time of trial.

■ We find the evidence sufficient to show that the witness was unable to attend court and that the State made good faith efforts to secure her testimony. Recognizing that her prior testimony was taken under oath during the first trial of this same cause, we conclude that the right of confrontation has been adequately protected. Determining whether evidence comes in under Rule 804(b)(1) is a question for the trial court to

resolve, reviewable on appeal only under an abuse of discretion standard. *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App.1994). The record supports the trial court's ruling that Mrs. Blair was unavailable, under either Subsection (4) or (5) of Rule 804(a).

Caldwell also contends that the portion of the statement of facts from the first trial containing Blair's testimony was not properly certified. No objection on that ground was made at trial. Thus, any error in this regard has been waived. TEX.R.APP.P. 52; *Ex parte Crispen,* 777 S.W.2d 103, 105 (Tex.Crim.App. 1989).

Caldwell next argues that reversible error is shown by the State's failure to introduce the original copy of the return of the subpoena. Caldwell suggests that this failure amounts to a showing that the witness was not served with the subpoena. The officer who served the subpoena testified that he served the subpoena but that he had replaced the original and had only a copy of it, which the State introduced as an exhibit. Caldwell objected on the basis that the subpoena was not the best evidence.

■ TEX.R.CRIM.EVID. 1002 requires that an original document must be shown to prove the content of a writing except as otherwise provided by the rules or by law. TEX. R.CRIM.EVID. 1005, however, specifically provides that the contents of an official record may be proved by copy testified to be correct by a witness who has compared it with the original. *Reed v. State,* 811 S.W.2d 582, 585 (Tex.Crim.App.1991). Here, there was direct testimony by the individual who served the document and who signed the original return that the document was a photocopy of the original. Thus, the requirements of Rule 1005 were met.

The judgment of the trial court is affirmed.