NO. 07-99-0417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 13, 2001

______________________________

GUY EDWARD LEDBETTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 50
TH
 DISTRICT COURT OF COTTLE COUNTY;

NO. 2734; HONORABLE DAVID W. HAJEK, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Guy Edward Ledbetter appeals from his conviction for possession of cocaine.  He asserts that the trial court erred in admitting testimony which was given in a prior trial of the same matter by a State’s witness who was under subpoena, but who did not appear for the second trial.  He urges that (1) admission of the prior testimony violated his federal and state constitutional rights to confront witnesses against him, and (2) the prior testimony was not admissible as an exception to the hearsay rule because the State did not first seek issuance of an attachment to secure attendance of the witness.  We affirm.

BACKGROUND

Roy LeHew was the Sheriff of Cottle County both before and at the time of appellant’s two trials which took place in the District Court of Cottle County.  LeHew investigated the incident on which the charge against appellant was based.  LeHew testified at appellant’s first trial, which resulted in a mistrial.  His testimony, among other matters, concerned the chain of custody for the cocaine which appellant was charged with possessing.  LeHew was cross-examined by appellant’s counsel during the first trial.

Prior to the second trial, the prosecutor advised LeHew that the State needed his testimony again, and a subpoena to appear at trial was issued and served on LeHew.  Lehew did not appear at the courthouse on the date for which he was subpoenaed.  The State offered LeHew’s testimony  from the first trial, to which appellant objected.  The trial court held a hearing outside the presence of the jury to determine whether to admit the former testimony.  Cottle County deputy sheriff Randell Bockleman testified that LeHew was believed to be in the Dallas area seeking future employment, and he had been away for approximately two weeks prior to the second trial.  Bockleman further testified that LeHew “. . . possibly could be back today or tomorrow or he might not be back.”  The prosecutor testified that he was aware that LeHew would be away prior to trial, but that he “was under the impression then that there would be no necessity for any further attachments or process other than putting a subpoena on [LeHew].”  

The State asserted that LeHew was an unavailable witness and offered his testimony from the first trial as an exception to the hearsay rule.  
See
 
Tex. R. Evid
. 804(a)(5) & (b)(1).
(footnote: 1)  The trial court admitted the testimony. 

By his sole issue, appellant contends that the trial court erred in admitting the former testimony of LeHew.  
Appellant does not contest his opportunity and motivation to cross- examine LeHew at his first trial.
  Appellant argues that (1) his right to confront LeHew granted by both the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution, was violated,
(footnote: 2) and (2) the former testimony was not an exception to the hearsay rule under Rule 804 
because the State failed to use “process or other reasonable means” to secure LeHew’s attendance at trial by not requesting a writ of attachment
(footnote: 3) when LeHew did not appear to testify.  
See
 Rule 804(a)(5). 

LAW

A defendant’s federal Sixth Amendment right to confront and cross-examine adverse witnesses is an essential element of a fair trial.  
See
 
Pointer v. Texas
, 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965).  The Sixth Amendment’s Confrontation Clause does not prohibit admission of testimony from a prior judicial proceeding in place of live testimony at trial.  
See
 
Ohio v. Roberts
, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).  The Clause does, however, operate in two different ways to restrict the range of admissible hearsay.  
Roberts
, 448 U.S. at 65, 100 S.Ct. at 2538.  First, the prosecution usually
(footnote: 4) must demonstrate the unavailability of the declarant whose testimony is sought to be used against the defendant.  
Id
.  
Second, the testimony is admissible only if it bears adequate “indicia of reliability.”  
Roberts
, 448 U.S. at 66, 100 S.Ct. at 2539.  

In regard to the first of the two requirements, an absent witness is not “unavailable” for purposes of the exception to the Confrontation Clause unless prosecutorial authorities have made a good-faith effort to obtain the witness’ presence at trial.  
Barber v. Page
, 390 U.S. 719, 724-25, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968); 
Otero-Miranda v. State
, 746 S.W.2d 352, 354 (Tex.App.--Amarillo 1988, pet. ref’d, untimely filed).  As to the second requirement, former trial testimony bears sufficient indicia of reliability if defense counsel had adequate opportunity to cross-examine the witness at the prior trial.  
See
 
Mancusi v. Stubbs
, 408 U.S. 204, 216, 92 S.Ct. 2308, 2314-315, 33 L.Ed.2d 293 (1972).  
See
 
also
  
Roberts
, 448 U.S. at 73-74, 100 S.Ct. at 2542-43 (preliminary hearing testimony). 

The Texas Rules of Evidence provide that former testimony of an unavailable witness is admissible in a criminal case if (1) the testimony was given by the witness at another hearing of the same or a different proceeding and (2) the party against whom the testimony is offered had opportunity and similar motive as in the pending matter to develop the testimony in the prior proceeding.  Rule 804(b)(1).  For purposes of the Texas evidentiary rules, a witness is considered unavailable if the witness is absent from the proceeding and the proponent of the testimony has been unable to procure the declarant’s attendance or testimony by process or other reasonable means.  
Rule 804(a)(5).

    Determination of whether the effort to procure attendance or testimony of the absent witness is sufficient is a matter within the discretion of the trial court under both the Confrontation Clause, 
see
 
Mancusi
, 408 U.S. at 212-13, 92 S.Ct. at 2312-13; 
Otero-Miranda
, 746 S.W.2d at 355, and Rule 804(a)(5).  
See
 
Reyes v. State
, 845 S.W.2d 328, 330 (Tex.App.--El Paso 1992, no pet.).  The trial court’s ruling is reviewed under the abuse of discretion standard. 
See
 
Mancusi
, 408 U.S. at 212-13, 92 S.Ct. at 2312-13; 
Otero-Miranda
, 746 S.W.2d at 355; 
Reyes
, 845 S.W.2d at 330. 

 
A trial court abuses its discretion if its decision was arbitrary or unreasonable, 
Brown v. State
, 960 S.W.2d 772, 778 (Tex.App.--Dallas 1997, pet. ref’d), or, if given the record and the applicable law, the decision fell outside the zone of reasonable disagreement.  
Benitez v. State
, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref’d.).  In other words, a trial court abuses its discretion only if the reviewing appellate court can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the trial court.  
See
 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)(op. on rehrg).   

ANALYSIS

In asserting that the State’s actions were less than those required to meet requirements of the Sixth Amendment Confrontation Clause (“good faith effort”), and Rule 804(a)(5) (inability to procure the attendance or testimony by process or other reasonable means) appellant references 
Otero-Miranda
 and 
Reyes
.  In 
Otero-Miranda
, the appellant caused subpoenas to be issued for witnesses who had testified at his prior trial on different charges.  The subpoenas were not served.  The trial court excluded the former testimony.  
See
 
Otero-Miranda
 746 S.W.2d at 353.  On appeal, this court held that (1) Rule 804(a)(5) of the Texas Rules of Criminal Evidence
(footnote: 5) required the proponent of former testimony of a witness who could not be subpoenaed to show that the witness was unavailable despite good faith efforts undertaken prior to trial to locate and present the witness; and (2) merely causing the issuance of unserved subpoenas, in the absence of evidence of “other reasonable means” to obtain attendance of absent witnesses, did not conclusively establish unavailability of the witnesses under Rule 804.  Accordingly, we held that the trial court did not abuse its discretion in excluding the former testimony.  
Otero-Miranda
, 746 S.W.2d at 355.  In 
Otero-Miranda
 the defendant was the proponent of the former testimony and the Sixth Amendment Confrontation Clause was not at issue.

In 
Reyes
, both the State and the defense offered former testimony of unavailable witnesses
.  The trial court admitted the testimony of the State’s witness, who did not appear at trial.  To support the offer of former testimony of its witness, the State produced evidence that an investigator for the State began searching for the witness three days before trial.  The investigator discovered that the witness might be in Mexico and enlisted assistance of the grandmother of the witness.  The grandmother testified that she looked for her grandson and sought help from another grandson to locate the witness.  The efforts were fruitless.  The State demonstrated no other efforts to produce the witness. 

The court of appeals reviewed the trial court’s admission of the testimony using the abuse of discretion standard.  
Reyes
, 845 S.W.2d at 330.  In determining whether the State met the requirements of former Texas Rule of Criminal Evidence 804(a)(5) that it had been “unable to procure his attendance or testimony by process or other reasonable means,” the court likened the “good faith efforts” standard to the due diligence required to be shown when the State seeks a continuance because of a missing witness.  
Id
. at 331.  The 
Reyes
 Court held that the State had not shown due diligence and that the trial court abused its discretion in determining that the State met the good faith efforts requirement.  
Id
.

In considering whether prior testimony can be admitted, we do not equate the due diligence standard which measures the State’s request for a trial continuance with that of the “good faith efforts to obtain attendance of a witness” standard applied under the Sixth Amendment Confrontation Clause. 
 Nor do we equate such due diligence standard with the efforts required by Rule 804(a)(5) before a trial court can determine, in its discretion, that a witness is unavailable within the meaning of Rule 804(b).  Although, as noted by 
Reyes
, the actions required of the State under the standards may be similar.  
See
 
id
.      

In seeking admission of LeHew’s former testimony, the State showed that the prosecutor told LeHew several weeks before the trial setting that LeHew’s testimony would be necessary.  In addition, a subpoena was issued and served on LeHew more than three weeks before the trial date.  The deputy sheriff’s testimony established that it was uncertain when LeHew would be back, or if LeHew would ever return.  The prosecutor testified that he had no reason to believe that attachment was necessary after advising LeHew of the trial setting.  Appellant offered no evidence that the State knew that LeHew planned to leave the county and fail to return and appear pursuant to the subpoena which had been served on him.  The evidence did not show that the State knew where LeHew could have been found, even if the State had requested issuance of an attachment for LeHew, as appellant urges it should have done.  The State is not required to engage in clearly futile activities before a trial court can, in its discretion, determine that the State made good-faith efforts to produce a witness at trial.  
See
 
Reyes
, 845 S.W.2d at 332.  

             The State’s failure to request issuance of an attachment for LeHew was one factor for the trial court to consider in determining whether the State made a good-faith effort to obtain LeHew’s presence at trial, whether he was “unavailable” under Rule 804 and whether the former testimony was admissible.  
See
 
Barber
, 390 U.S. at 724-25, 88 S.Ct. at 1322; 
Otero-Miranda
, 746 S.W.2d at 354.  Under the record before us, however, the failure to request issuance of an attachment was not a conclusive factor.  
See
 
Ball v. State
, 111 Tex. Crim. 646, 13 S.W.2d 847, 848 (1929) (issuance of additional process for temporarily absent witness whose location was unknown and who had been subpoenaed for trial was not necessary in order to obtain continuance of trial).  Accordingly, the decision of the trial court to admit the former testimony of LeHew was not an abuse of its discretion. 
See
 
Montgomery
, 810 S.W.2d at 391; 
Otero-Miranda
, 746 S.W.2d at 355.
   

CONCLUSION

Appellant’s sole issue is overruled.  The judgment of the trial court is affirmed.

Phil Johnson

     Justice

Publish
.

FOOTNOTES
1:
Further references to the Texas Rules of Evidence shall be by reference to “Rule _____.”

2:
Appellant does not argue that the Texas Constitution provides more protection to him than the United States Constitution; therefore, we will not address his state constitutional claim separately.  
Brown v. State
, 943 S.W.2d 35, 36 n.3 (Tex.Crim.App. 1997)
.

3:
Article 24.12 of the Texas Code of Criminal Procedure provides that when a witness who resides in the county of the prosecution has been duly served with a subpoena to appear and testify in any criminal action or proceeding fails to so appear, the State or the defendant shall be entitled to have an attachment issued for the witness.  
Tex. Code Crim. Proc. Ann
. art. 24.12 (Vernon 1989).

4:
Unavailability is not always required.  
See
 
Dutton v. Evans
, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

5:
Now Rule 804(a)(5) of the Texas Rules of Evidence, without substantive change.