NOS. 07-06-0457-CR


 07-06-0458-CR

 07-06-0459-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 8, 2007


 ______________________________



DUSTIN LEE ALLEN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,984-D, 49,985-D, 53,537-D; HONORABLE DON EMERSON, JUDGE


_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON MOTION TO DISMISS


 Pending before this Court is appellant's motion to dismiss his appeals. Appellant and his
attorney both have signed the document stating that appellant withdraws his appeals. Tex. R.
App. P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeals are dismissed. No motion for rehearing will be entertained and our
mandates will issue forthwith.

 Mackey K. Hancock

 Justice

Do not publish.



d. Donald was ordered to pay $33.00 per week
in child support. In October 1985, an order was entered modifying the parent-child
relationship requiring Donald to pay $200.00 per month with the first payment due
December 1, 1985. In February 1986, he signed an "Affidavit of Voluntary Relinquishment
of Parental Right" based on his belief that Linda's husband Toby Tucker was going to
adopt Melinda. That adoption never took place although the child did begin to use the
name Tucker. In 1989, both parties signed a document entitled "Joint Motion to Modify
Managing Conservatorship" in which Donald sought to be appointed sole managing
conservator of Melinda and to be released from all prior unpaid child support. That
document was never filed with the court. 

 Linda subsequently filed a notice of application for judicial writ of withholding on
January 9, 2003, seeking past child support payments. In response, Donald filed a motion
to dismiss and motion to stay the issuance of the writ alleging, among other things, the
"equitable doctrine of estoppel by laches" and that Melinda had been adopted by Linda's
husband Toby Tucker. A hearing was held on March 6, 2003, and the trial court
subsequently entered an order for withholding child support from earnings. In doing so,
the court found that Donald owed $12,000 in child support arrearage with $10,533.76
interest accrued through March 1, 2003. 

Issue One - Hearsay Statement


 In his first issue, Donald complains of the trial court's failure to allow the admission
of a sworn written statement allegedly made in 2001 by Melinda in which she stated that
Donald had given up all parental rights to her when she was 12 years of age, and she was
then adopted by Toby Tucker. We overrule the issue.

 Donald contends that the statement was admissible under Rule 804(a)(5) of the
Rules of Evidence. That rule provides an exception to the hearsay rule when the declarant
is unavailable. It permits a statement "concerning the declarant's own birth, adoption,
marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or
other similar fact of personal or family history even though the declarant had no means of
acquiring personal knowledge of the matter stated. . . . " Tex. R. Evid. 804(b)(3). A witness
is unavailable when the declarant "is absent from the hearing and the proponent of the
declarant's statement has been unable to procure the declarant's attendance or testimony
by process or other reasonable means." Tex. R. Evid. 804(a)(5). It is the proponent of the
statement who has the burden to affirmatively show that the witness is unavailable. 
Owens-Corning Fiberglas Corp. v. Wasiak, 917 S.W.2d 883, 888 (Tex. App.--Austin 1996),
aff'd, 972 S.W.2d 35 (Tex. 1998); Keene Corp. v. Rogers, 863 S.W.2d 168, 177 (Tex.
App.--Texarkana 1993, writ stayed). We review the trial court's ruling for an abuse of
discretion. Otero-Miranda v. State, 746 S.W.2d 352, 355 (Tex. App.--Amarillo 1988, writ
ref'd, untimely filed). 

 At the hearing, there was testimony from Donald that Melinda resided in Missouri. (1) 
A witness is not unavailable unless a good faith effort has been made to procure her
attendance. Otero-Miranda v. State, 746 S.W.2d at 355. Even if the evidence of Melinda's
residence was sufficient to establish that Melinda was beyond the subpoena power of the
court, Donald failed to establish that he was unable to take her deposition or otherwise
procure her testimony. See Fuller-Austin Insulation Co. v. Bilder, 960 S.W.2d 914, 921
(Tex. App.--Beaumont 1998, pet. and cause dism'd); Owens-Corning Fiberglas Corp. v.
Wasiak, 917 S.W.2d at 888. Therefore, we can find no abuse of discretion on the part of
the trial court in sustaining the hearsay objection. 

Issue Two - Defense of Equitable Estoppel


 Via his second issue, Donald challenges the trial court's overruling of his affirmative
defense of equitable estoppel. We overrule the issue.

 The grounds for filing a motion to stay the issuance of a writ of withholding are
limited to a dispute concerning the identity of the obligor or the existence or the amount of
arrearages. Tex. Fam. Code Ann. §158.397(b) (Vernon 2002). However, the defense of
equitable estoppel can be asserted in appropriate circumstances. In re Digges, 981
S.W.2d 445, 447 (Tex. App.--San Antonio 1998, no pet.). Donald pled the affirmative
defense of "estoppel by laches." Laches is a defense based on an unreasonable delay in
the assertion of equitable or legal rights and a good faith change of position by another to
his detriment due to the delay. In re Moragas, 972 S.W.2d 86, 92 (Tex. App.--Texarkana
1998, no pet.). Laches is not available in a suit for enforcement of a statutory legal right
such as the collection of child support. In re M.W.T., 12 S.W.3d 598, 604 (Tex. App.--San
Antonio 2000, pet. denied); Ex parte Payne, 598 S.W.2d 312, 318 (Tex. App.--Texarkana
1980, no writ), overruled on other grounds by Huff v. Huff, 648 S.W.2d 286 (Tex. 1983). 
 However, on appeal, Donald argues the defense of equitable estoppel by virtue of
his execution of a voluntary relinquishment of parental rights under the belief the child was
to be adopted by Linda's new husband Toby Tucker, his nonpayment of further child
support after execution of the document, the use by the child of the last name of Tucker
after execution of the document, the lack of any visitation rights after execution of the
document, and Linda's failure to ever tell him his parental rights had not been terminated. 
An affirmative defense is generally waived if not pleaded. Shoemake v. Fogel, Ltd., 826
S.W.2d 933, 937 (Tex. 1992); Alvarado v. Wingfoot Enterprises, 53 S.W.3d 720, 725 (Tex.
App.--Houston [1st Dist.] 2001), rev'd on other grounds, 111 S.W.3d 134 (Tex. 2003).
Because Donald did not plead the defense of equitable estoppel, it has not been preserved
for appeal. 

 However, even if we liberally construe his pleading to assert that defense, the
elements of estoppel are: 1) false representation or concealment of material facts, 2)
made with actual or constructive knowledge of those facts, 3) to a party without knowledge,
or the means of knowledge, of those facts, 4) with the intention that it should be acted on,
and 5) the party to whom it was made relied or acted on it to his prejudice. Kawazoe v.
Davila, 849 S.W.2d 906, 909 (Tex. App.--San Antonio 1993, no writ); LaRue v. LaRue, 832
S.W.2d 387, 392 (Tex. App.--Tyler 1992, no writ). In contending that those elements exist,
Donald relies on Kawazoe v. Davila, 849 S.W.2d at 909-10, in which the court affirmed the
denial of a motion for enforcement of a child support order by contempt when the former
husband had signed a relinquishment of his parental rights under the belief the child would
be adopted by his former wife's new husband and, for 13 years, she represented to him
on a number of occasions he was no longer the child's father even when she knew his
parental rights had not been terminated and no adoption would take place, she denied him
visitation rights, and the child began to use her new husband's name. 

 Donald claims that he had no reason to believe the adoption had not taken place
and he knew that his daughter went by the name of Tucker. Further, both Linda and his
daughter represented to him she had been adopted, and no child support was requested
by Linda. However, the evidence also shows that Melinda came to stay with him and his
new wife in 1989 for a period of time, and Donald signed a motion to modify managing
conservatorship because he and his wife felt she was old enough to "get to know her
daddy." Given the existence of a preexisting order regarding the conservatorship of
Melinda, Donald's signing a document purporting to change that prior order and vest
conservatorship of Melinda in him hardly connotes that his parental relationship with
Melinda had been terminated through her adoption by a third party. Simply put, it is some
evidence upon which the factfinder could conclude that Donald knew no one adopted his
daughter and his parental relationship with the child had not ended. See LaRue v. LaRue,
832 S.W.2d at 394 (holding knowledge that a child has reverted back to the father's
surname in spite of an apparent termination of the parent-child relationship placed the
father on notice that he should investigate the termination and adoption proceeding). 

 If a party conducts himself with careless indifference to means of information
reasonably at hand or ignores suspicious circumstances, he may not benefit from the
defense of estoppel. Barfield v. Howard M. Smith Co., 426 S.W.2d 834, 839 (Tex. 1968);
In re Moragas, 972 S.W.2d at 91. Based on these facts and the trial court's ability to
observe the demeanor and credibility of the witnesses, we cannot say the trial court erred
in failing to determine that Linda was equitably estopped from obtaining a withholding
order. In short, there exists evidence of record negating Donald's implicit argument that
he proved the defense of equitable estoppel as a matter of law. 

 Accordingly, the order of the trial court is affirmed.


 Per Curiam
1. There was no evidence at the hearing that Melinda was unable to attend because of a snowstorm
as Donald asserts on appeal.