Opinion issued September 24, 2009








 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00825-CR

____________


KEAARON REED, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1096472





O P I N I O N


 Appellant, Keaaron Reed, appeals from a judgment convicting him for the 
murder of Fred Porter. See Tex. Penal Code Ann. § 19.02 (Vernon 2003). 
Appellant pleaded not guilty, the jury found him guilty, and the trial court sentenced
him to 18 years in prison. In two related issues, appellant contends the trial court
abused its discretion by admitting the transcript of a witness's prior testimony
because that evidence was inadmissible hearsay and violated appellant's federal
constitutional right to confront witnesses under the Confrontation Clause. See U.S.
Const. amend. VI; Tex. R. Evid. 804. We conclude the trial court did not abuse its
discretion by admitting the statement because the State made good-faith efforts to
procure the absent witness. We affirm the judgment of the trial court. 

Background


 On December 11, 2006, Sharika Fontenot, John Drumgo, and complainant,
Porter, drove to the Sugar Branch/Forum Park Apartment Complex. When Porter got
out of the car to speak to a woman, a group of eight to ten young men "swarmed" the
car. One of the men punched Porter, knocking him down. As Fontenot picked up
Porter from the ground, appellant shot Porter multiple times.

 Appellant claims he did not see anyone hit Porter, although he saw an
altercation. Furthermore, appellant asserts that he shot Porter because he feared his
life was in imminent danger when Porter exhibited a gun.

 An investigator for the Harris County District Attorney's Office, Jimmy Jones,
experienced difficulty obtaining the testimony of witness Samantha Stewart for
appellant's first trial, which ended in a mistrial. Stewart missed several appointments
with Jones before eventually meeting him and providing a statement. Prior to the first
trial, Jones arrested Stewart for an outstanding warrant, so that Stewart was in the
custody of the Harris County Jail during appellant's first trial. Stewart testified at
appellant's first trial, but disappeared after her testimony.

 After the first trial ended, Jones was unable to reestablish contact with Stewart,
even after attempting to reach her through relatives and friends. Jones eventually
served Stewart with a subpoena for the rescheduled trial date and brought her to court
on a bench warrant. The district court judge instructed Stewart to return to court for
the rescheduled trial date.

 In January, Stewart left Jones a voicemail, saying that she was in Dallas and
was afraid to testify due to threats made against her life. When Stewart did not
appear at trial, Jones again was unable to contact her through family and friends. 
Stewart had no permanent phone number, as she changed cell phone numbers every
few weeks. Stewart did not own property or registered vehicles, nor did she reside
at her known address. Jones testified that he asked officials with Fort Bend County,
where Stewart had an outstanding warrant, to contact him if the county arrested her. 
On the day of Jones's testimony, Stewart's father told Jones that he thought Stewart
might be in Chicago. Over objection from counsel for appellant, the trial court
admitted Stewart's testimony from the previous trial.

 The prior testimony by Stewart was admitted at the second trial. In her
testimony at the first trial, Stewart explained that, on December 11, 2006, she was a
passenger in another car that her friend, Veronica Washington, was driving. 
Washington and Stewart stopped the car to see some friends at the Sugar Branch
Apartments. After learning that a fight was happening at the complex, Washington
got out of the car to watch the altercation. Stewart stayed in the car, and five to ten
minutes later heard several gunshots. Stewart saw Washington, appellant, and several
other men running towards the car. The men bragged about the shooting. Appellant
got into Washington's car with a gun and the complainant's phone. While riding with
Stewart in the car, appellant continued to boast about the killing. Appellant also
called several of Porter's friends with Porter's phone. He informed Porter's friends
of the murder and said that they could "come get" Porter.

Former Testimony by Unavailable Witness

 In his first issue, appellant contends the trial court improperly admitted hearsay
statements made by Stewart in violation of Rule 804(b)(1) of the Texas Rules of
Evidence. See Tex. R. Evid. 804(b)(1). The State responds the trial court followed
the proper procedures for admitting hearsay statements. See Tex. R. Evid. 804(b)(1),
(a)(5). Rule 804(b)(1) states that in criminal proceedings, the court may admit prior
testimony given by a presently unavailable witness "if the party against whom the
testimony is now offered had an opportunity and similar motive to develop the
testimony." Tex. R. Evid. 804(b)(1).

 Appellant does not dispute that he had an opportunity and similar motive to
develop the testimony of Stewart. Rather, appellant challenges the admission of the
evidence on the sole ground that the State failed to demonstrate the "unavailability"
of Stewart as a witness as defined by Rule 804(a)(5). See Tex. R. Evid. 804(a)(5). 
Specifically, appellant contends that Stewart was not "unavailable" because the State
did not establish that investigators were "unable to procure the declarant's attendance
or testimony by process or other reasonable means." Id.

Admission of Out-of-Court Statements 

 In his second issue, appellant contends the trial court's improper admission of
hearsay statements made by Stewart violates his rights under the Confrontation
Clause of the U.S. Constitution. See U.S. Const. amend. VI. The State responds that
the prosecution satisfied the requirements for an exception to the Confrontation
Clause.

 A defendant has a constitutional right to confront and cross-examine the
witnesses against him. See U.S. Const. amend. VI; Crawford v. Washington, 541
U.S. 36, 38, 124 S. Ct. 1354, 1357 (2004). The Confrontation Clause prohibits a
witness from recounting a declarant's out-of-court statements that are testimonial
unless the declarant is unavailable to testify and the defendant had a prior opportunity
to cross-examine the declarant, regardless of whether the declarant's statements are
deemed reliable by the court. Crawford, 541 U.S. at 68, 124 S. Ct. at 1374; accord
Wall v. State, 184 S.W.3d 730, 734-35 (Tex. Crim. App. 2006). Similarly to the first
issue, appellant contends the State failed to show the "unavailability" of Stewart as
a witness for this exception to the Confrontation Clause to apply.

"Unavailability" Under 804(a)(5) and Confrontation Clause

 In order to establish that a witness is "unavailable" under Rule 804(a)(5), the
proponent of testimony must demonstrate that a good-faith effort was made prior to
trial to locate and present the witness. See Loun v. State, 273 S.W.3d 406, 420 (Tex.
App.--Texarkana 2008, no pet.); Ledbetter v. State, 49 S.W.3d 588, 594 (Tex.
App.--Amarillo 2001, pet. ref'd); Reyes v. State, 845 S.W.2d 328, 331 (Tex.
App.--El Paso 1992, no pet.). Similarly, "unavailability" for purposes of the
Confrontation Clause is established if the prosecution has made a good-faith effort
to obtain the witness's presence at trial. Ohio v. Roberts, 448 U.S. 56, 74, 100 S. Ct.
2531, 2543 (1980) (quoting Barber v. Page, 390 U.S. 719, 724-25, 88 S. Ct. 1318,
1322 (1968)), overruled on other grounds by Crawford, 541 U.S. 36, 124 S.Ct. 1354;
Ledbetter, 49 S.W.3d at 592. For both Rule 804(a)(5) and the Confrontation Clause,
an appellate court reviews for abuse of discretion the trial court's ruling concerning
whether the effort to obtain the witness is sufficient. Coffin v. State, 885 S.W.2d 140,
149 (Tex. Crim. App. 1994); Ledbetter, 49 S.W.3d at 592; see Mancusi v. Stubbs, 408
U.S. 204, 211-13, 92 S. Ct. 2308, 2312-13 (1972). 

Sufficiency of Efforts to Obtain Testimony


 Jones's attempts to locate Stewart are sufficient to show the State made good-faith efforts to obtain Stewart for trial. The record shows repeated efforts by Jones
to produce Stewart for trial. Jones exhausted his contacts among Stewart's family and
friends and had no knowledge of her whereabouts, except for the speculation she
might be in Chicago. Any further efforts could reasonably have been deemed futile
by the trial court. Because Jones could not determine where Stewart could be located,
a writ of attachment would have been futile because the writ would not have brought
the witness to trial.

 The cases upon which appellant relies are factually dissimilar. The court in
Otero-Miranda held that issuance of unserved subpoenas, without any further action,
did not establish good-faith efforts to obtain a witness. Otero-Miranda v. State, 746
S.W.2d 352, 355 (Tex. App.--Amarillo 1988, pet. ref'd, untimely filed). Here, Jones
personally served Stewart with process and she appeared at the courthouse, where the
Judge personally instructed her to show up at the rescheduled trial date. Jones also
tried contacting Stewart through friends and relatives, called cell phone numbers that
Stewart constantly changed, searched for any property or registered vehicles, and
directed Fort Bend County to inform him upon her arrest. These efforts far exceed
mere issuance of subpoenas.

 Reyes is also distinguishable. In Reyes, the court held that additional efforts
beyond an issuance of subpoena failed to establish a good-faith effort. Reyes, 845
S.W.2d at 331. However, three important facts distinguish the present case from
Reyes. First, while the investigator in Reyes began his attempts to locate the absent
witness only three days before trial, Jones attempted various methods for months. Id.
at 330. Second, the Reyes investigator contacted one family member, unlike the
numerous relatives and friends whom Jones contacted. Id. Third, Reyes concerned
two absent witnesses; the trial court admitted testimony of an absent witness for the
State, but excluded testimony of an absent witness for the defense. Id. Only one
witness is at issue in this case. In determining the trial court in Reyes erred, the court
held the "trial judge's reasoning led to inconsistent results," and his "application of
[Rule] 804 was not even-handed." Id. at 330, 333. The three circumstances in Reyes
are not present here.

 We hold the trial court did not abuse its discretion in admitting the statements
by determining that the State made good-faith efforts to obtain Stewart's presence at
trial. By demonstrating good-faith efforts, the State has established the
"unavailability" of Stewart as a witness under both the Confrontation Clause of the
U.S. Constitution and Rule 804 of the Texas Rules of Evidence. See U.S. Const.
amend. VI; Tex. R. Evid. 804(a)(5); Roberts, 448 U.S. at 74, 100 S. Ct. at 2543; 
Loun, 273 S.W.3d at 420; Ledbetter, 49 S.W.3d at 594. Because Stewart was an
"unavailable" witness, the admission of her testimony was proper under Rule 804,
and the admission did not violate appellant's rights under the Confrontation Clause. 
See Tex. R. Evid. 804(b)(1); Crawford, 541 U.S. at 68, 124 S. Ct. at 1374; see also 
Ledbetter, 49 S.W.3d at 594 (rejecting assertion that writ of attachment is necessary,
stating "State is not required to engage in clearly futile activities before a trial court
can, in its discretion, determine that the State made good-faith efforts to produce a
witness at trial").

 We overrule appellant's first and second issues.

Conclusion

 We affirm the judgment of the trial court.




 

 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.


Publish. Tex. R. App. P. 47.2(b).