Keaaron REED, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–08–00825–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 2009.

Discretionary Review Refused Feb. 10, 2010.

Kenneth Goode, Houston, TX, for Appellant.

Kenneth Magidson, Harris County District Attorney, Shirley Cornelius, Assistant District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Keaaron Reed, appeals from a judgment convicting him for the murder of Fred Porter. *See* TEX. PENAL CODE ANN. § 19.02 (Vernon 2003). Appellant pleaded not guilty, the jury found him guilty, and the trial court sentenced him to 18 years in prison. In two related issues, appellant contends the trial court abused its discretion by admitting the transcript of a witness's prior testimony because that evidence was inadmissible hearsay and violated appellant's federal constitutional right to confront witnesses under the Confrontation Clause. *See* U.S. CONST. amend. VI; TEX.R. EVID. 804. We conclude the trial court did not abuse its discretion by admitting the statement because the State made good-faith efforts to procure the absent witness. We affirm the judgment of the trial court.

## Background

On December 11, 2006, Sharika Fontenot, John Drumgo, and complainant, Porter, drove to the Sugar Branch/Forum Park Apartment Complex. When Porter got out of the car to speak to a woman, a group of eight to ten young men "swarmed" the car. One of the men punched Porter, knocking him down. As

Fontenot picked up Porter from the ground, appellant shot Porter multiple times.

Appellant claims he did not see anyone hit Porter, although he saw an altercation. Furthermore, appellant asserts that he shot Porter because he feared his life was in imminent danger when Porter exhibited a gun.

An investigator for the Harris County District Attorney's Office, Jimmy Jones, experienced difficulty obtaining the testimony of witness Samantha Stewart for appellant's first trial, which ended in a mistrial. Stewart missed several appointments with Jones before eventually meeting him and providing a statement. Prior to the first trial, Jones arrested Stewart for an outstanding warrant, so that Stewart was in the custody of the Harris County Jail during appellant's first trial. Stewart testified at appellant's first trial, but disappeared after her testimony.

After the first trial ended, Jones was unable to reestablish contact with Stewart, even after attempting to reach her through relatives and friends. Jones eventually served Stewart with a subpoena for the rescheduled trial date and brought her to court on a bench warrant. The district court judge instructed Stewart to return to court for the rescheduled trial date.

In January, Stewart left Jones a voicemail, saying that she was in Dallas and was afraid to testify due to threats made against her life. When Stewart did not appear at trial, Jones again was unable to contact her through family and friends. Stewart had no permanent phone number, as she changed cell phone numbers every few weeks. Stewart did not own property or registered vehicles, nor did she reside at her known address. Jones testified that he asked officials with Fort Bend County, where Stewart had an outstanding warrant, to contact him if the county arrested

her. On the day of Jones's testimony, Stewart's father told Jones that he thought Stewart might be in Chicago. Over objection from counsel for appellant, the trial court admitted Stewart's testimony from the previous trial.

The prior testimony by Stewart was admitted at the second trial. In her testimony at the first trial, Stewart explained that, on December 11, 2006, she was a passenger in another car that her friend, Veronica Washington, was driving. Washington and Stewart stopped the car to see some friends at the Sugar Branch Apartments. After learning that a fight was happening at the complex, Washington got out of the car to watch the altercation. Stewart stayed in the car, and five to ten minutes later heard several gunshots. Stewart saw Washington, appellant, and several other men running towards the car. The men bragged about the shooting. Appellant got into Washington's car with a gun and the complainant's phone. While riding with Stewart in the car, appellant continued to boast about the killing. Appellant also called several of Porter's friends with Porter's phone. He informed Porter's friends of the murder and said that they could "come get" Porter.

### Former Testimony by Unavailable Witness

In his first issue, appellant contends the trial court improperly admitted hearsay statements made by Stewart in violation of Rule 804(b)(1) of the Texas Rules of Evidence. *See* TEX.R. EVID. 804(b)(1). The State responds the trial court followed the proper procedures for admitting hearsay statements. *See* TEX.R. EVID. 804(b)(1), (a)(5). Rule 804(b)(1) states that in criminal proceedings, the court may admit prior testimony given by a presently unavailable witness "if the party against whom the testimony is now offered had an opportuni-

ty and similar motive to develop the testimony." Tex.R. Evid. 804(b)(1).

Appellant does not dispute that he had an opportunity and similar motive to develop the testimony of Stewart. Rather, appellant challenges the admission of the evidence on the sole ground that the State failed to demonstrate the "unavailability" of Stewart as a witness as defined by Rule 804(a)(5). *See* Tex.R. Evid. 804(a)(5). Specifically, appellant contends that Stewart was not "unavailable" because the State did not establish that investigators were "unable to procure the declarant's attendance or testimony by process or other reasonable means." *Id.*

### Admission of Out–of–Court Statements

In his second issue, appellant contends the trial court's improper admission of hearsay statements made by Stewart violates his rights under the Confrontation Clause of the U.S. Constitution. *See* U.S. Const. amend. VI. The State responds that the prosecution satisfied the requirements for an exception to the Confrontation Clause.

■ A defendant has a constitutional right to confront and cross-examine the witnesses against him. *See* U.S. Const. amend. VI; *Crawford v. Washington,* 541 U.S. 36, 38, 124 S.Ct. 1354, 1357, 158 L.Ed.2d 177 (2004). The Confrontation Clause prohibits a witness from recounting a declarant's out-of-court statements that are testimonial unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant, regardless of whether the declarant's statements are deemed reliable by the court. *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374; *accord Wall v. State,* 184 S.W.3d 730, 734–35 (Tex.Crim.App.2006). Similarly to the first issue, appellant contends the State failed to show the "unavailability" of Stewart as a witness for this

exception to the Confrontation Clause to apply.

### "Unavailability" Under 804(a)(5) and Confrontation Clause

■ In order to establish that a witness is "unavailable" under Rule 804(a)(5), the proponent of testimony must demonstrate that a good-faith effort was made prior to trial to locate and present the witness. *See Loun v. State,* 273 S.W.3d 406, 420 (Tex.App.-Texarkana 2008, no pet.); *Ledbetter v. State,* 49 S.W.3d 588, 594 (Tex.App.-Amarillo 2001, pet. ref'd); *Reyes v. State,* 845 S.W.2d 328, 331 (Tex. App.-El Paso 1992, no pet.). Similarly, "unavailability" for purposes of the Confrontation Clause is established if the prosecution has made a good-faith effort to obtain the witness's presence at trial. *Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980) (quoting *Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968)), overruled on other grounds by *Crawford,* 541 U.S. 36, 124 S.Ct. 1354; *Ledbetter,* 49 S.W.3d at 592. For both Rule 804(a)(5) and the Confrontation Clause, an appellate court reviews for abuse of discretion the trial court's ruling concerning whether the effort to obtain the witness is sufficient. *Coffin v. State,* 885 S.W.2d 140, 149 (Tex. Crim.App.1994); *Ledbetter,* 49 S.W.3d at 592; *see Mancusi v. Stubbs,* 408 U.S. 204, 211–13, 92 S.Ct. 2308, 2312–13, 33 L.Ed.2d 293 (1972).

### Sufficiency of Efforts to Obtain Testimony

■ Jones's attempts to locate Stewart are sufficient to show the State made good-faith efforts to obtain Stewart for trial. The record shows repeated efforts by Jones to produce Stewart for trial. Jones exhausted his contacts among Stewart's family and friends and had no knowl-

edge of her whereabouts, except for the speculation she might be in Chicago. Any further efforts could reasonably have been deemed futile by the trial court. Because Jones could not determine where Stewart could be located, a writ of attachment would have been futile because the writ would not have brought the witness to trial.

The cases upon which appellant relies are factually dissimilar. The court in *Otero–Miranda* held that issuance of unserved subpoenas, without any further action, did not establish good-faith efforts to obtain a witness. *Otero–Miranda v. State,* 746 S.W.2d 352, 355 (Tex.App.-Amarillo 1988, pet. ref'd, untimely filed). Here, Jones personally served Stewart with process and she appeared at the courthouse, where the Judge personally instructed her to show up at the rescheduled trial date. Jones also tried contacting Stewart through friends and relatives, called cell phone numbers that Stewart constantly changed, searched for any property or registered vehicles, and directed Fort Bend County to inform him upon her arrest. These efforts far exceed mere issuance of subpoenas.

*Reyes* is also distinguishable. In *Reyes,* the court held that additional efforts beyond an issuance of subpoena failed to establish a good-faith effort. *Reyes,* 845 S.W.2d at 331. However, three important facts distinguish the present case from *Reyes.* First, while the investigator in *Reyes* began his attempts to locate the absent witness only three days before trial, Jones attempted various methods for months. *Id.* at 330. Second, the *Reyes* investigator contacted one family member, unlike the numerous relatives and friends whom Jones contacted. *Id.* Third, *Reyes* concerned two absent witnesses; the trial court admitted testimony of an absent witness for the State, but excluded testimony of an absent witness for the defense. *Id.* Only one witness is at issue in this case. In determining the trial court in *Reyes* erred, the court held the "trial judge's reasoning led to inconsistent results," and his "application of [Rule] 804 was not even-handed." *Id.* at 330, 333. The three circumstances in *Reyes* are not present here.

We hold the trial court did not abuse its discretion in admitting the statements by determining that the State made good-faith efforts to obtain Stewart's presence at trial. By demonstrating good-faith efforts, the State has established the "unavailability" of Stewart as a witness under both the Confrontation Clause of the U.S. Constitution and Rule 804 of the Texas Rules of Evidence. *See* U.S. Const. amend. VI; Tex.R. Evid. 804(a)(5); *Roberts,* 448 U.S. at 74, 100 S.Ct. at 2543; *Loun,* 273 S.W.3d at 420; *Ledbetter,* 49 S.W.3d at 594. Because Stewart was an "unavailable" witness, the admission of her testimony was proper under Rule 804, and the admission did not violate appellant's rights under the Confrontation Clause. *See* Tex.R. Evid. 804(b)(1); *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374; *see also Ledbetter,* 49 S.W.3d at 594 (rejecting assertion that writ of attachment is necessary, stating "State is not required to engage in clearly futile activities before a trial court can, in its discretion, determine that the State made good-faith efforts to produce a witness at trial").

We overrule appellant's first and second issues.

### Conclusion

We affirm the judgment of the trial court.